John A. TORTORA, Petitioner,

v.

Joseph S. PETROVSKY, Warden, United States Medical Center for Federal Prisoners, Respondent.

Civ. A. No. 81–3089–CV–S–WRC–R.

United States District Court, W. D. Missouri, S. D.

March 15, 1982.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, Mo., for petitioner.

Robert G. Ulrich, U. S. Atty., W. D. Mo., Kansas City, Mo., and Michael A. Stover, Atty., U. S. Parole Com'n, Dept. of Justice, Bethesda, Md., for respondent.

## ORDER GRANTING WRIT OF HABEAS CORPUS

COLLINSON, Senior District Judge.

The undisputed facts of this case raise a novel constitutional question regarding the Fifth Amendment privilege against self-incrimination.

In 1978, petitioner was a prisoner at the Federal Correctional Institute in Fort Worth, Texas, serving an aggregate sentence of eleven years and six months imposed on previous convictions. On December 11, 1978, petitioner received a parole hearing and, as a result of this hearing, was granted parole effective February 14, 1979.

After petitioner's release on parole, information came to light indicating that petitioner, while a prisoner at the Fort Worth institution, had conspired to bribe the warden of that institution to effect the transfer of another inmate. This conspiracy took place during the time period immediately before petitioner's parole hearing on December 11, 1978. Petitioner was indicted and convicted of this crime and was sentenced on August 28, 1980, to a four-year prison term.

Upon receipt of this information, the United States Parole Commission reopened petitioner's case for a special reconsideration hearing which resulted in a voidance of the previously granted parole. The Commission's Notice of Action, dated March 4, 1981, reads as follows:

> At your last parole hearing on December 11, 1978, you withheld information regarding a conspiracy to bribe the Warden at FCI, Fort Worth, Texas, in which conspiracy you had engaged prior to the hearing and for which you have now been convicted, as of August 28, 1980, in the Western District of Missouri, and sentenced to four years.

The Commission based its authority to void petitioner's parole grant on 28 C.F.R. § 2.30, which provides:

False or withheld information.

All paroles are ordered on the assumption that information from the prisoner has not been fraudulently given or withheld from the Commission. If evidence comes to the attention of the Commission that a prisoner wilfully concealed or misrepresented information deemed significant, the Regional Commissioner may reopen the case pursuant to § 2.28(f) for a hearing to determine whether such parole should be voided. Such action may be taken whether or not the prisoner has actually been released on parole. If such prisoner has been released on parole, the Commission or a member thereof may issue a summons or warrant for such prisoner.

Petitioner's application for writ of habeas corpus challenges the validity of the above action taken by the Parole Board. The writ was initially referred to the United States Magistrate for preliminary review under § 636(b), Title 28, United States Code, and Local Rule 26. The Magistrate issued his report and recommendation that the petition for writ of habeas corpus be dismissed. Petitioner has filed exceptions to the Magistrate's report.

■ Petitioner's sole ground for habeas corpus relief is that the Board's action in voiding his parole was unconstitutional in that it violated his Fifth Amendment right against self-incrimination. The Court finds this argument persuasive and therefore sustains petitioner's exceptions to the Magistrate's report and orders that the petition for writ of habeas corpus be granted.[1]

■ Initially it should be noted that petitioner, although a prisoner, is not deprived of all constitutional rights. Specifically, Tortora is entitled to assert the Fifth Amendment privilege against self-incrimination. See, *e.g., Polizzi v. Sigler,* 564 F.2d 792 (8th Cir. 1977). This right is not limited in application to formal criminal proceedings, but applies equally to civil or informal proceedings in which self-incriminating testimony is compelled. *Lefkowitz v. Turley,* 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973). It has been held that inmates cannot be compelled in prison disciplinary hearings "to furnish testimonial evidence that might incriminate them in later criminal proceedings [unless they are offered] 'whatever immunity is required to supplant the privilege' and [the prisoners] may not be required to 'waive such immunity.'" *Baxter v. Palmigiano,* 425 U.S. 308, 316, 96 S.Ct. 1551, 1557, 47 L.Ed.2d 810 (1976). Although no case directly on point has been found, it follows that the Fifth Amendment privilege applies equally in the context of parole hearings.

■ Having found the Fifth Amendment applicable, the Court can reach no other conclusion but that the Amendment was violated by the Parole Board in this case. The plain language of the Board's Notice of Action clearly reveals that the sole reason for the voiding of Tortora's parole was his failure to voluntarily disclose information concerning the conspiracy for which he was later convicted. As emphasized by petitioner, a clear violation of his Fifth Amendment right would have been involved had he been required to answer a question concerning this conduct. However, it is undisputed that petitioner was never questioned regarding this issue. In the Court's view, it is

---

1. The Court notes that petitioner's parole could not have been "revoked" on the basis of his conspiracy conviction because the acts which gave rise to the conviction were committed prior to the grant of parole. Under the regulations, revocation is invoked only when it is determined that the parolee has "violated the conditions of his release." See, 28 C.F.R. §§ 2.48, *et seq.* Thus, it is a widely-accepted principle that a criminal conviction can serve as the basis for a parole revocation only where the offense occurred while the prisoner was in fact on parole.

Although "rescission" of parole in the case of allegations of new criminal conduct committed prior to delivery of the parole certificate is specifically allowed under 28 C.F.R. § 2.34, it is not at all clear whether petitioner's parole could be properly rescinded or voided *after* release. This Court is not ruling on the power of the Parole Board to take further steps seeking voidance of petitioner's parole on the basis of his conviction for a crime committed prior to release rather than his failure to volunteer incriminating testimony.

an even more blatant violation of Fifth Amendment rights to require a person to *volunteer* information of criminal conduct.

Respondent seeks to uphold the Parole Board's action by arguing that petitioner waived his Fifth Amendment rights by seeking parole. The government also contends in a related argument that petitioner was not forced to seek parole and therefore was not compelled to incriminate himself. Respondent emphasizes the well-established law that testimony must be obtained by genuine coercion to be within the proscription of the Fifth Amendment. *United States v. Washington*, 431 U.S. 181, 187, 97 S.Ct. 1814, 1818, 52 L.Ed.2d 238 (1977). The Court finds these arguments unpersuasive.

In *Garner v. United States*, 424 U.S. 648, 654, 96 S.Ct. 1178, 1182, 47 L.Ed.2d 370 (1976), the Supreme Court, in a footnote, discussed the concept of waiver as it applies to the Fifth Amendment privilege against self-incrimination. The Court characterized such waiver as "knowing" and "intelligent" and "the process by which one affirmatively renounces the protection of the privilege." Obviously, the petitioner's conduct in this case does not meet these criteria. Moreover, in *Garner*, the Court distinguished actual waiver from the situation in which a person loses the benefit of the privilege by testifying without claiming the protection. This concept of "waiver" also does not apply to petitioner's situation. The Supreme Court has held that the Fifth Amendment privilege can be invoked by silence when to speak itself would be incriminating. See, *Marchetti v. United States*, 390 U.S. 39, 50, 88 S.Ct. 697, 703, 19 L.Ed.2d (1968) and *Garner v. United States, supra*, 424 U.S. at 658–59, n. 11, 96 S.Ct. at 1184–85 n. 11.

Respondent's argument that there was no compulsion to incriminate in the present situation is likewise without merit. By its plain language, 28 C.F.R. § 2.30 placed a positive duty on petitioner to testify regarding his criminal activities. Because petitioner remained silent, his parole was voided. Respondent reasons that petitioner was not compelled to seek parole and therefore was not compelled to incriminate himself. However, forcing a prisoner to choose between waiving his constitutional right against self-incrimination or foregoing his right to seek parole cannot be characterized by this Court as a free choice.

Respondent's analysis is also faulty when considered in the light of *Marchetti v. United States, supra*, and *Grosso v. United States*, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). In these cases, the Supreme Court held that the Fifth Amendment protection against self-incrimination was a valid defense in prosecutions for failure to file returns of gamblers in connection with the federal occupational and excise taxes on gambling. In other words, the Court found that the gamblers were illegally "compelled" to incriminate themselves by filing gambling tax returns, although they were not "compelled" to gamble. In the same way, § 2.30 compelled self-incriminating testimony from petitioner although petitioner was not compelled to seek parole.

Finally, respondent argues that the voiding of petitioner's parole was not really an additional penalty but strictly a remedial proceeding in which an error was corrected. In this regard the Court notes the well-established law that any sanction which makes assertion of the Fifth Amendment privilege against self-incrimination "costly" is prohibited. *Spevack v. Klein*, 385 U.S. 511, 514–15, 87 S.Ct. 625, 627–28, 17 L.Ed.2d 574 (1967). In *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), certain policemen were summoned during an investigation of police corruption and were informed that they could claim the privilege against self-incrimination but would be discharged for doing so. The policemen testified and were subsequently prosecuted. The Court held that the penalty of discharge for reliance on the privilege foreclosed a free choice to remain silent and therefore had the effect of compelling the incriminating testimony given by the policemen. In the instant case, petitioner illegally suffered the penalty of parole voidance for exercise of his Fifth Amendment right.

Accordingly, for the reasons stated above, it is

ORDERED that petitioner's Exceptions To Report And Recommendation Of United States Magistrate be, and hereby are, sustained. It is further

ORDERED that petitioner's petition for writ of habeas corpus, filed April 10, 1981, be, and hereby is, granted.[2]

---

2. The Court notes that this decision does not affect petitioner's sentence on his conspiracy conviction. Rather, the granting of this writ of habeas corpus simply renders void the sentence petitioner is serving due to the voiding of his parole grant.