**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Trenton Brooks SEAVERS, Defendant-Appellant.**

No. 72–1014.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 29, 1972.

Decided Jan. 25, 1973.

James D. London (Court appointed), Cleveland, Ohio, for defendant-appellant.

Joseph T. McGinness, Asst. U. S. Atty., for plaintiff-appellee; Frederick M.

Coleman, U. S. Atty., Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

LIVELY, Judge.

The Court is called upon in this appeal to determine whether a person who has pled guilty in his own criminal prosecution may subsequently refuse to testify on Fifth Amendment grounds when called as a witness in the trial of one accused of aiding and abetting him. Appellant Seavers pled guilty to violation of the Dyer Act, 18 U.S.C. §§ 2312 and 2. The charge involved transporting a stolen automobile from California to Ohio. Approximately one month later he was brought from prison by the government to testify in the trial of William Franklin who was also charged with aiding and abetting Seavers and with a substantive Dyer Act offense. The District Judge appointed counsel to advise Seavers of his rights and he was called by the prosecution as a witness.

The court then excused the jury and questioned Seavers about his willingness to testify. His court-appointed attorney advised the trial judge that although Mr. Seavers had pled guilty to the federal charge of transporting, he was still subject to prosecution by the State of California for the manner in which the car was taken and for operating a vehicle without the owner's consent. The court held that his plea of guilty was a waiver of Seavers' Fifth Amendment right against self-incrimination as it applied to "that crime", i. e., the Dyer Act offense. The privilege was upheld with respect to unauthorized use of credit cards during the transportation of the automobile, but the court ruled that the witness would be required to answer questions with respect to the circumstances surrounding the acquisition of the automobile, its transportation to Ohio and his association with the defendant Franklin. The possibility of prosecution by the California and Ohio authorities was recognized, but the witness was specifically held to have waived the right to refuse to testify as to these matters.

The jury returned and the witness Seavers then answered questions of the prosecuting attorney with respect to his name, his prisoner status and the fact that he had pled guilty to violation of the federal statute. Thereupon he was asked if he knew the defendant William Franklin in September, 1970, and refused to answer by invoking the Fifth Amendment. The court then advised the witness that the question was in no way incriminating and directed him to answer. Upon the continued refusal of the witness to answer this question, the jury was again excused and the court advised the witness that he would be held in contempt if he persisted, and the penalties for contempt were explained.

The witness advised the court that he would refuse to answer any questions "as far as the other party is concerned." After answering several questions on voir dire concerning his own activities in acquiring the car, and his arrest, he then refused to testify further and was found by the court to be in contempt and sentenced to six months imprisonment, to run consecutively to the term he was then serving.

■ The doctrine of immunity is discussed in briefs, but cannot be made the basis of a decision in this case. Title 18 U.S.C. §§ 6002 and 6003 [1] when read to-

---

1. 18 U.S.C. § 6002—Immunity Generally
 Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding before or ancillary to—
 (1) a court or grand jury of the United States,
 (2) an agency of the United States, or

 (3) either House of Congress, a joint committee of the two Houses, or a committee or a subcommittee of either House, and the person presiding over the proceeding communicates to the witness an order issued under this part, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other infor-

gether are not written as self-executing laws. The record is clear that no order was requested by the United States Attorney following the procedure required by § 6003(b) and no order was issued by the district court based on application of the immunity statutes. It is a requirement of the quoted sections that these steps be taken in order that immunity may be bestowed upon a witness who refuses to testify on the ground of self-incrimination. See Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), for the procedure to be followed in conferring immunity under the provisions of Sections 6002 and 6003.

The contempt judgment here actually has two separate bases. The refusal to answer the early questions concerning Seavers' acquaintance with Franklin was overruled because the answers could not possibly have been incriminating. The refusal to answer later questions concerning events connected with the stolen automobile was overruled on the ground that the previous guilty plea was a waiver of the right to rely on the Fifth Amendment guarantee against self-incrimination.

■ Turning first to the ruling of the District Court that Seavers had waived his Fifth Amendment privilege, we must determine whether there was a genuine danger that such testimony would have been used as the basis for further prosecutions. As the Supreme Court said in Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951) the privilege against self-incrimination presupposes the existence of real danger that the testimony will lead to further crimination. The trial judge acknowledged the fact that Seavers might be subjected to state prosecutions for theft of the car in California and other charges with respect to the vehicle. Nevertheless, he held that by virtue of the plea of guilty the witness had waived "any right with respect to inquiry with respect to the acquisition, of the possession of, and the transportation of that vehicle."

■ Since transportation of the vehicle (and aiding and abetting in transportation) was all that he had pled guilty to, we do not believe he had waived the privilege with respect to acquisition of the vehicle and unauthorized possession of it in California, both offenses for which there existed the possibility of State prosecution. It is well settled that the privilege protects a federal witness against incrimination under state as well as federal law. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed. 2d 678 (1964). We are not willing to assume, as the Appellee insists, that as a

---

mation compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury giving a false statement, or otherwise failing to comply with the order.

18 U.S.C. § 6003—Court & Grand Jury Proceedings

(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district,

an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part:

(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

(1) the testimony or other information from such individual may be necessary to the public interest; and

(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

practical matter such dual prosecutions do not take place. The power of the State of California to prosecute Seavers was not such an imaginary or unsubstantial contingency as we referred to in United States v. Harmon, 339 F.2d 354 (6th Cir. 1964), cert. denied 380 U.S. 944, 85 S.Ct. 1025, 13 L.Ed.2d 963 (1965). The privilege claimed by Seavers should have been upheld with respect to inquiries concerning the manner in which the vehicle was acquired and its possession by him in California before the interstate journey began. As we have held, the guilty plea waived the privilege as to the offenses pled to, but was not a blanket waiver as to other offenses that might form the basis of later charges. Krogmann v. United States, 225 F.2d 220 (6th Cir. 1955).

The first refusal of Seavers presents a different question, however. He refused to answer whether he knew William Franklin in September, 1970, and the court advised him that the answer to that question could not possibly incriminate him. The witness then informed the court that he would refuse to answer all questions "as far as the other party is concerned." In Rogers v. United States, *supra*, the witness based her refusal to answer on a desire to protect another person. It was held that the privilege against self-incrimination is a purely personal privilege of the witness and that a desire to protect others is an untenable ground for declining to answer. (340 U.S. at 371, 71 S.Ct. 438). See also United States v. Seewald, 450 F.2d 1159 (2nd Cir. 1971), cert. denied 405 U.S. 978, 92 S.Ct. 1206, 31 L.Ed.2d 253 (1972). Since Appellant refused to answer one question which had no incriminating features and refused to answer others on the ground that they concerned another person, he was not within the protective orbit of the Fifth Amendment guarantee which he sought to invoke. He had the benefit of a very thorough explanation of the effect of his refusal by Judge Lambros.

When Seavers persisted in his refusal, his act of contempt was complete. The judge followed the provision of Federal Rules of Criminal Procedure 42(a) in administering summary punishment. The Appellant now claims that the trial judge abused his discretion in sentencing him to six months' imprisonment for criminal contempt. We have held that reliance on the advice of counsel is no excuse for refusing to obey an order of court, Taylor v. United States, 221 F.2d 809 (6th Cir.), cert. denied 350 U.S. 834, 76 S.Ct. 69, 100 L.Ed. 744 (1955), and this is the only mitigating circumstance pointed to by Appellant in his brief. The length of the sentence rests in the sound discretion of the trial judge. Title 18 U.S.C. § 401. The record before us does not disclose an abuse of that discretion.

The judgment of the District Court is affirmed.