955 F.2d 45
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deborah A. SPEARS (91-5782), and Holly Roach Christian
(91-5783), Defendants-Appellants.
 Nos. 91-5782, 91-5783.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1992.
 
 Before SUHRHEINRICH and SILER, Circuit Judges, and BATTISTI, District Judge.*
 ORDER
 Deborah A. Spears (91-5782) and Holly Roach Christian (91-5783) appeal the district court's judgments following their bench trial for criminal contempt of court, in violation of 18 U.S.C. §§ 401(1) and 402 and for aiding and abetting criminal contempt, in violation of 18 U.S.C. § 2. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, all parties have waived oral argument in these appeals.
 On April 24, 1991, the two defendants and their mother, Anna Lee Roach, attended the criminal trial of Jeffrey Roach, their brother and son. After the jury returned a verdict of guilty, the three exited the courthouse together. The United States subsequently filed criminal complaints against Spears and Christian based upon an affidavit prepared by a government agent who testified during the Jeffrey Roach trial. In that affidavit, the agent alleged that Spears, Christian, and Anna Lee Roach made loud, abusive comments to himself and three jurors both in the courtroom and on their way out of the courthouse following the verdict in that trial. The obstruction of justice charges in the original complaints were later dismissed in favor of charges against all three women for criminal contempt of court.
 
 
 1
 Following a one-day bench trial, held on June 10, 1991, the district court acquitted Anna Lee Roach, but found Spears and Christian guilty of criminal contempt and of aiding and abetting criminal contempt. Spears was sentenced to 45 days in jail and Christian, whom the district court found to be more culpable, was sentenced to 90 days in jail. The district court stayed execution of both sentences pending appeal.
 
 
 2
 On appeal, Spears argues that: 1) the evidence is insufficient to support her conviction under § 401(1), and 2) her 45-day sentence is too severe. Christian argues that: 1) the evidence is insufficient to support her conviction under § 401(1), 2) her 90-day sentence is too severe, and 3) the district court erred in refusing to permit a rebuttal witness to be called where that witness was not sequestered during trial.
 
 
 3
 Upon review, we affirm the district court's judgments of conviction. The appellants waived the issue of insufficient evidence by failing to move for acquittal during the trial. Absent a manifest miscarriage of justice, this court will not review a defendant's challenge to the sufficiency of the evidence where the defendant did not make a Fed.R.Crim.P. 29 motion for a judgment of acquittal during trial. United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989).
 
 
 4
 Further, the district court did not abuse its discretion in excluding Christian's proposed rebuttal witness. See United States v. Bizzard, 674 F.2d 1382, 1388-89 (11th Cir.), cert. denied, 459 U.S. 973 (1982).
 
 
 5
 Finally, the length of the sentence imposed for criminal contempt rests within the sound discretion of the district court. United States v. Seavers, 472 F.2d 607, 611 (6th Cir.1973). In light of the district court's interest in maintaining an orderly court in which witnesses and jurors may serve without fear of abuse or threats, we find no abuse of discretion.
 
 
 6
 Accordingly, the district court's judgments are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank J. Battisti, U.S. District Judge for the Northern District of Ohio, sitting by designation