**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Albert A. ALLEN, Defendant–Appellant.**

No. 95–1244.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 8, 1995.

Decided Dec. 28, 1995.

Keith Corbett (argued and briefed), Asst. U.S. Attorney, Patricia G. Blake, Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellee.

Christopher A. Andreoff (briefed), David Griem, Jaffe, Raitt, Heuer & Weiss, Detroit, MI, Neil H. Fink (argued and briefed), Law Offices of Neil H. Fink, Birmingham, MI, for Defendant–Appellant.

Before: CONTIE, BATCHELDER, and MOORE, Circuit Judges.

CONTIE, Circuit Judge.

Defendant-appellant, Albert A. Allen, appeals his indictment for criminal contempt in violation of 18 U.S.C. § 401(3) and Fed. R.Crim.Pro. 42.

## I.

On September 14, 1993, a federal grand jury sitting in the Eastern District of Michigan indicted defendant for criminal contempt in violation of 18 U.S.C. § 401(3) and Fed. R.Crim.P. 42. Defendant filed a motion to dismiss the indictment, alleging the indictment was defective because it did not properly charge a violation of 18 U.S.C. § 401(3). After a hearing, the district court struck from the indictment the charge of violation of Fed.R.Crim.P. 42, but denied defendant's motion to dismiss the indictment. On November 18, 1994, defendant entered a plea of guilty, reserving the right to appeal the district court's denial of his motion to dismiss the indictment.

The district court determined that the offense constituted a felony and on February 9, 1995, sentenced defendant to 180 days of home confinement and costs in the amount of $110,000. Defendant filed a timely notice of appeal on February 13, 1995. The imposition of sentence was held in abeyance pending the outcome of this appeal.

The indictment under which defendant was convicted read as follows:

*Count 1*

(18 U.S.C. § 401(3)—Criminal Contempt of Court)

That commencing on or about April 20, 1993, and continuing up to the date of this indictment in the Eastern District of Michigan, Albert A. Allen, defendant herein, did attempt to avoid, and did avoid service of a trial subpoena in the case of *United States v. Vito Giacalone and N.C. Deday LaRene,* criminal number 92–80848. The refusal of Albert A. Allen, defendant herein, to make himself available for service of a subpoena is a willful refusal to obey a lawful order of the United States District Court, that is an immunity order dated September 13, 1990, signed by Honorable Paul V. Gadola, which requires Albert A.

Allen to testify both before the grand jury and at any future trial. The refusal of Albert A. Allen, defendant herein, to comply with said order of the court is criminal contempt in violation of 18 U.S.C. § 401(3) and Rule 42, Federal Rules of Criminal Procedure.

The events which resulted in this indictment were as follows. On September 13, 1990, United States District Judge Paul Gadola issued an immunity order in the case *In re Grand Jury,* Misc. No. 90–1677, which required defendant Allen to testify before a special grand jury. This order declared that "Albert A. Allen will be called to testify before a special grand jury" and ordered "Albert A. Allen give testimony and provide other information which he is likely to refuse to give or provide on the basis of his privilege against self-incrimination, as to all matters and questions which he may be interrogated before said special grand jury and in *any trial* or other proceedings resulting therefrom as ancillary thereto." (emphasis added).

Defendant testified before a special grand jury five times. The investigation resulted in an indictment that charged Vito Giacalone and N.C. LaRene with conspiracy to defraud the IRS and income tax evasion. The case was numbered Case No. 92–80848 and charged LaRene and Giacalone with a conspiracy to defraud the IRS by concealing the receipt of $420,000 from defendant Albert A. Allen. The indictment specified that Albert A. Allen gave the money to Mr. LaRene in cash in a series of 33 checks, which were made payable to cash, and were each drawn in amounts of less than $10,000.

A jury trial was scheduled for LaRene and Giacalone on July 14, 1993 after being postponed several times. On April 20, 1993, the United States issued a trial subpoena for defendant Albert A. Allen to appear as a witness in criminal case No. 92–80848. Previously, defendant's counsel and the United States' counsel had agreed that if defendant needed to be contacted for trial testimony, they would contact his attorney, Mr. David Griem, for the purpose of serving a subpoena on Griem for defendant's appearance. However, instead of accepting service, Mr. Griem

advised the government agent that he would have to contact defendant himself to see if his client would agree to such an arrangement. For a period of six days thereafter, the government heard nothing from Mr. Griem.

On April 25, 1993, defendant's son was contacted by defendant and told by his father that defendant was going away for a while and "not to worry." On April 26, 1993, Mr. Griem contacted the United States agent and advised him that it would be necessary to contact defendant personally to subpoena him for trial. Although the United States tried to serve a subpoena on defendant Allen for many months, he was not available to receive the subpoena. It was only after LaRene and Giacalone signed an agreement to plead guilty to the charges in case No. 92–80848 that defendant reappeared to face criminal charges for his avoidance of the subpoena.

## II.

We must decide whether defendant's efforts to avoid being served with the trial subpoena in case No. 92–80848 constitutes contempt in violation of U.S.C. § 401(3) because it was a willful attempt to avoid compliance with the immunity order issued by Judge Gadola on September 13, 1990, ordering that defendant give testimony at any trial of LaRene and Giacalone.

The United States argues that defendant intentionally avoided service of the trial subpoena in case No. 92–80848 against LaRene and Giacalone as part of a plan to avoid complying with the immunity order issued by Judge Gadola on September 13, 1990, ordering that he testify at such a trial. The government argues that defendant was aware of his obligation to testify and was aware of the trial subpoena. The government argues that defendant knowingly and intentionally took steps to disobey and resist the immunity order issued by Judge Gadola on September 13, 1990, ordering him to testify at any trial, by resisting and willfully avoiding service of the trial subpoena. The government argues that this avoidance of the trial subpoena was clearly in contempt of

Judge Gadola's immunity order of September 13, 1990.

Defendant argues that the immunity order was not sufficient to compel defendant's appearance at trial because if it were, there would have been no need to serve defendant with a trial subpoena. Defendant also argues that the immunity order placed no restriction upon defendant's right to travel, nor did it require that defendant notify the government of his travel plans. Therefore, defendant concludes that the United States' failure to successfully serve him personally with a trial subpoena precludes a finding of contempt in regard to the underlying immunity order.

The contempt statute, 18 U.S.C. § 401, provides in relevant part:

A court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority and none other, as . . . (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

■ We find that defendant Allen's efforts to avoid service of the trial subpoena constituted "disobedience or resistance" to the September 13, 1990 immunity order of Judge Gadola, which specifically required his testimony at a trial in regard to a conspiracy to defraud the IRS by Mr. LaRene and Mr. Giacalone. Immediately after defendant's attorney was notified that the government wished to serve a subpoena ordering defendant's appearance at such a trial, defendant contacted his son and told him he had to go away for awhile and not to worry. He did not resurface until immediately after LaRene and Giacalone agreed to plead guilty to the charges in case No. 92–80848. We agree with the United States that the logical inference from these facts is that after Mr. Griem was notified about the subpoena, his knowledge of the existence of the trial subpoena was conveyed to the defendant. The evidence also indicates that defendant secreted himself somewhere as evidenced by his statements to his son on April 25, 1993, indicating his plan to leave town without specifying his whereabouts. This occurred right after Mr. Griem had been informed about the subpoena. The logical inference is that after defen-

dant learned about the subpoena, defendant decided to leave town. Furthermore, defendant's reappearance immediately after LaRene and Giacalone agreed to plead guilty gives further evidence of defendant's attempt to avoid participating as a witness in the trial of case No. 92–80848, which had been scheduled before the guilty plea was reached. We find that these facts indicate that defendant was aware that the government had a trial subpoena which would obligate him to appear at the trial of LaRene and Giacalone, and that he knowingly attempted to disobey and resist the immunity order of September 13, 1990, indicating he had to testify at such a trial, by avoiding service of the trial subpoena. Defendant's actions indicate a clear effort to engage in conduct which the immunity order sought to enjoin—refusal to testify.

This case is similar to *United States v. Greyhound Corp.*, 508 F.2d 529 (7th Cir. 1974). In *Greyhound Corp.*, the court stated that in a criminal contempt case involving a court order, the court should consider the entire background behind the order, including the conduct that the order was meant to enjoin or secure and the interest that the order was trying to protect. *Id.* at 532. In the present case, the entire background behind Judge Gadola's order indicates that the order was meant to enjoin defendant from refusing to appear at a trial regarding the IRS's conspiracy charge against LaRene and Giacalone. The interest the order was trying to protect was the ensurance of defendant's testimony at such a trial. The court in *Greyhound Corp.* also indicated that the order had to be examined to see if it was sufficiently specific to indicate whether a defendant knew or should have known his conduct was unlawful. *Id.* We believe that in the present case Judge Gadola's immunity order was sufficiently specific in stipulating that defendant had to attend *any trial* regarding LaRene and Giacalone's conspiracy to defraud the IRS, and defendant knew or should have known that his conduct in avoiding a subpoena requesting his presence at such a trial was unlawful.

■ Defendant argues that the words "any trial" in the immunity order lacked the necessary specificity. Defendant argues that

the subpoena to appear at the trial was never served on him and since a subpoena must state the time and place of testimony, the immunity order is not specific enough to serve as a basis for holding defendant in contempt. We find that defendant's attempt to tie the contempt indictment to the subpoena, as opposed to the immunity order, must fail. By avoiding the subpoena, defendant engaged in conduct which was part of a plan to avoid complying with the immunity order of September 13, 1990 and to resist testifying at the trial of LaRene and Giacalone, which the immunity order demanded, and therefore constitutes a violation of 18 U.S.C. § 401(3).

■ This case is also similar to *United States v. Rylander*, 714 F.2d 996 (9th Cir. 1983), *cert. denied*, 467 U.S. 1209, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984), which involved the defendant's disobedience of an order to appear at a show cause hearing. Defendant Rylander asserted that he could not be held in contempt of the order, ordering him to appear at a show cause hearing, because he was not personally served with the order. The *Rylander* court held that contrary to defendant Rylander's assertion that he could not be held in contempt because he was not actually personally served with the order, actual knowledge of the order is all that is required, not service. *Id.* at 1003. Thus, neither final notice nor personal service is necessary to support a conviction for criminal contempt. In the present case, even though defendant was not personally served with the trial subpoena, the evidence indicates that defendant had actual knowledge of the subpoena and willfully avoided service of it. Knowledge or notice of a court order in question and a willful disobedience of that order are essential elements of criminal contempt. *United States v. Powers*, 629 F.2d 619, 627 (9th Cir.1980). The evidence in the present case indicates that defendant Allen had knowledge of his need to appear at trial and attempted to disobey and resist the immunity order by avoiding service of the trial subpoena so he would not have to attend trial.

The case on which defendant relies, *Downey v. Clauder*, 30 F.3d 681 (6th Cir.1994), in which the defendant was not found to have committed criminal contempt, is clearly distinguishable from the present case. In *Dow-*

*ney,* the court stated that there was no evidence that the defendant had acted with the willfulness that implies a deliberate or intentional violation, as distinguished from an accidental, inadvertent, or negligent violation. *Id.* at 686. In contrast, in the present case, the evidence indicates that defendant's avoidance of the trial subpoena was not accidental, inadvertent, or negligent. By avoiding the trial subpoena, defendant was willfully violating the immunity order of Judge Gadola. In the present case, the record makes clear that defendant willfully disobeyed a specific order and hence is guilty of contempt. Moreover, in his guilty plea, defendant acknowledged that he attempted to avoid service of the subpoena. According to *Rylander,* 714 F.2d at 1003, actual knowledge of an order supports contempt, despite lack of personal service.

To conclude, defendant Allen, knowing the existence of the subpoena and knowing that he was obligated by the immunity order of September 13, 1990 to testify at the trial to which he was subpoenaed, clearly acted with an intent to disobey the immunity order by secreting himself to avoid service of the subpoena and thus committed an act of criminal contempt in violation of 18 U.S.C. § 401(3). The district court is hereby ***AFFIRMED.***