UNITED STATES of America,
Plaintiff–Appellee,

v.

E. Alfred BIBBINS, Defendant–
Appellant;

CHITWOOD AND CHITWOOD, P.C.,
Defendant–Appellee (in civil
case 99–CV–277).

No. 00–6052.

United States Court of Appeals,
Sixth Circuit.

Jan. 23, 2001.

Before MARTIN, Chief Judge; JONES and COLE, Circuit Judges.

## OPINION

PER CURIAM.

Defendant–Appellant E. Alfred Bibbins ("Bibbins") was convicted of criminal contempt of court, in violation of 18 U.S.C. § 401 (1994), for failing to produce documents or appear for his deposition in the pending civil action of *Slaughter v. Chitwood & Chitwood, P.C.*, No. 99–CV–277 (E.D.Tenn.). Bibbins appeals his conviction, raising numerous assignments of error, including: (1) insufficient evidence; (2) insufficient notice; (3) interested parties acting as special prosecutors in his case; (4) judicial bias; and (5) an excessive and unduly restrictive sentence. Because we find insufficient evidence to support Bibbins's conviction, we need not address Bibbins's remaining assignments of error. For the following reasons, we REVERSE the decision of the district court.

## I. BACKGROUND

This case arose after Bibbins failed to respond to a subpoena *duces tecum* in the *Slaughter* civil trial. Bibbins is the Pastor of the Minister's and Layperson's Fellowship Church in Chattanooga, Tennessee. Although he is not a licensed attorney, he sometimes assists members of his congregation in solving their legal problems. Erica Slaughter, one of Bibbins's parishioners, brought a sexual harassment suit against her former employer, Chitwood & Chitwood, P.C. ("Chitwood"). Bibbins assisted Slaughter when she brought her matter before the Equal Employment Opportunity Commission ("EEOC"). During the pre-trial discovery period, Chitwood's attorneys, Witt, Gaither & Whitaker ("WGW"), served Bibbins with a subpoena *duces tecum* on November 23, 1999, requiring Bibbins to produce any documents related to Bibbins's representation of Slaughter before the EEOC, as well as documents related to his assistance of any other civil litigants. Bibbins filed a *pro se* motion to quash the subpoena and a motion for a protective order. He argued therein that compelling him to testify would violate the Freedom of Religion Clause, Establishment Clause, and Free Speech Clause of the First Amendment.[1] He believed that any communication between himself and Slaughter was protected under a priest-penitent privilege. After a hearing on December 21, 1999, a magistrate judge denied both motions and ordered Bibbins to produce the documents by January 21, 2000. The district court affirmed the order on January 13, 2000. Bibbins appealed to this Court, but, noting

---

1. Bibbins and Frank Pinchak, an attorney at WGW, have quarreled in the past. Bibbins sued one of Pinchak's clients, and, allegedly, Pinchak threatened to "destroy" the Fellowship Church. Since then, Pinchak has approached the Tennessee Bar to prevent Bibbins's supposed unauthorized practice of law due to the assistance he provides to his parishioners. Bibbins cites this animosity as one of the reasons for his refusal to submit to a subpoena from Pinchak. Fearing that Pinchak would use his testimony to bolster the unauthorized practice of law matter, Bibbins also asserted his Fifth Amendment privilege against self-incrimination. From Bibbins's presentation at oral argument, it appears that his fear was well-grounded. The Tennessee Bar has instituted proceedings against Bibbins related to his alleged unauthorized practice of law.

our lack jurisdiction to review discovery orders through interlocutory review, we dismissed on May 9, 2000.

While his appeal to this Court was pending, Bibbins failed to produce the documents on January 21 as ordered. WGW served Bibbins with a second subpoena *duces tecum*, identical to the first, and a notice of deposition requiring him to appear with the documents on March 2, 2000. Bibbins did not appear for the deposition, nor did he produce the documents. As a result, WGW filed a Motion for Sanctions/Petition for Contempt against Bibbins on March 10, 2000. Bibbins, still proceeding *pro se*, responded to this petition, again asserting his belief that he held a priest-penitent privilege protecting his communication with Slaughter. He also argued that he had a good-faith belief that the order was automatically stayed while his motion to quash was pending before this Court.[2] The district court issued a Show Cause Order on July 20, 2000, directing Bibbins to appear in court on August 3, 2000, to explain why he should not be held in contempt. The order informed Bibbins of his right to counsel, which he obtained on August 2, 2000.

At the August 3, 2000, hearing, Bibbins reiterated in his testimony that he did not obey the court order because he had a good-faith belief that he held a priest-penitent privilege and that the order was automatically stayed pending appeal to this Court. He further testified that he had no contempt for the court. At the close of evidence, the judge found Bibbins guilty of criminal contempt in violation of 18 U.S.C. § 401 and sentenced him to five years' probation and two months' confinement to a Salvation Army Halfway House.[3] The district court subsequently rejected Bibbins's motions for a new trial, alternative sentencing, and bail and release. This appeal follows.[4]

## II. DISCUSSION

In reviewing the sufficiency of the evidence to support a criminal conviction, we must ask whether any rational trier of fact could have found all the elements of the crime beyond a reasonable doubt, while viewing the evidence in the light most favorable to the prosecution. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Hernandez*, 227 F.3d 686, 694 (6th Cir.2000).

A criminal contempt conviction requires finding that the defendant: (1) had notice of the court order, (2) disobeyed it, (3) and did so with intent or willfulness. *See United States v. Allen*, 73 F.3d 64, 67–68 (6th Cir.1995); *United States v. Delahanty*, 488 F.2d 396, 398 (6th Cir.1973). Bibbins admitted the first two elements; thus, the only evidence at issue is that regarding the intent element. To estab-

---

2. Bibbins raised three ancillary arguments in his answer. He argued that he did not believe he had to submit to the subpoena because the court did not sign it; that sanctions would be cruel and unusual punishment; and that the magistrate judge was biased, citing the solidarity of the legal profession and the persistence of racial prejudice (Bibbins is black and the magistrate judge and attorneys are white).

3. 18 U.S.C. § 401 provides, in relevant part: "A court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as ... (3) Disobedience or resistance to its lawful writ, process, order, rule, decree or command." 18 U.S.C. § 401(3) (1994).

4. In a prior motion, this Court granted Bibbins's motion to stay his confinement to the Halfway House pending the expedited ruling on this appeal.

lish the intent of a contemnor, the Government must show that the defendant acted "with a willfulness that implies a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation." *Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir.1994), or with "some form of intent to obstruct" court proceedings, *Vaughn v. City of Flint*, 752 F.2d 1160, 1167 (6th Cir.1985).

■ Bibbins maintains that his actions did not evidence a willful intent because he did not intend to demonstrate contempt and disrespect for the court. We agree. As a lay person without representation, Bibbins reasonably believed that he was not subject to the subpoena. He believed that his communication with Slaughter was privileged and sought counsel to advocate this belief on his behalf, but none would take his case. Contrary to the Government's allegations, Bibbins demonstrated a respect for, and a willingness to work within, the judicial framework by filing a motion to quash on his own behalf, appearing at the hearing, and filing an appeal with this Court. Further, Bibbins believed, albeit mistakenly, that the court's order was automatically stayed pending appeal to this Court. We find this to be a reasonable belief for a non-lawyer who is not intimately acquainted with appellate procedure. Most indicative of Bibbins's esteem for the court was his immediate willingness to submit to deposition after his appointed counsel explained that his beliefs were legally unsound. Accordingly, we conclude that Bibbins's failure to comply with the subpoena was not the "deliberate" or "intentional" behavior that criminal contempt sanctions are intended to punish. Although we view the evidence in the light most favorable to the Government, there is insufficient evidence in the record to sustain a criminal contempt conviction.

## III. CONCLUSION

Accordingly, we REVERSE the district court's judgment and VACATE the sentence.