**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard D. GOLDBERG, Defendant–
Appellant.**

No. 00–3245.

United States Court of Appeals,
Sixth Circuit.

April 17, 2001.

Before KENNEDY and
SUHRHEINRICH, Circuit Judges;
McKEAGUE, District Judge.*

PER CURIAM.

This is an appeal from a conviction of contempt. 18 U.S.C. § 401. Defendant challenges the sufficiency of the evidence to support the finding of contempt and contends the six-month term of imprisonment imposed is disproportionately harsh, constituting an abuse of discretion. For the reasons that follow, we affirm the judgment of the district court.

I

Shortly before the events at issue, defendant Richard D. Goldberg had been a medical malpractice attorney. During the 1990's, he began to experience personal financial problems. In order to solve these problems, he began misappropriating his clients' funds. On June 8, 1999, an indictment was returned charging defendant Goldberg with seven counts of mail fraud and three counts of bank fraud. Defendant pleaded guilty to seven counts of mail fraud and one count of bank fraud

* The Honorable David W. McKeague, United States District Judge for the Western District    of Michigan, sitting by designation.

and ultimately admitted responsibility for having defrauded twenty-three clients of $4,475,451. On November 17, 1999, he was sentenced to a prison term of forty-one months with an extended self-reporting date of January 7, 2000. In the meantime, he was subject to electronic-monitored home confinement.

On December 23, 1999 defendant filed a motion for permission to leave his house on December 31, 1999 from 5:30 p.m. until 2:30 a.m. The given reason for the request was the wedding of Krista Cannone, said to be defendant's godchild. The motion was granted by District Judge Dan A. Polster by margin entry order on December 29, 1999, indicating simply, "Motion granted, so ordered."

It is undisputed that defendant did attend the wedding for a number of hours, but also attended a New Year's Eve party at a Youngstown restaurant. He did, however, return to his home within the established time limit. Subsequently, Judge Polster learned that defendant may have violated the conditions of his release from home confinement on New Year's Eve and ordered defendant to show cause why he should not be held in contempt.

At the February 7, 2000 show cause hearing, it was revealed that Krista Cannone was not defendant's godchild at all. However, the district court accepted defendant's explanation that the inclusion of this erroneous information was the result of an honest mistake by defendant's secretary. Further, defendant admitted that he had left the wedding on New Year's Eve and gone to a friend's party at approximately 11:00 p.m. He explained that he had not originally intended to go to the party, but that his wife had suggested they go there to spend time with their children, who were invited to the party, because commencement of his prison sentence was imminent. Defendant testified that he did not intend to violate the court's order, and meant no disrespect to the court. To the extent he had violated the court's order through his temporary diversion, defendant characterized it as an "honest mistake" and apologized to the court.

The district court, on the other hand, characterized defendant's conduct as "a willful and deliberate flaunting of the court's order." Considering that defendant had been granted the privilege of home confinement pending self-surrender, had been granted the further privilege of the New Year's Eve release for a limited purpose, and had then taken advantage of this latter privilege to pursue other personal purposes in a public way, the district court concluded that defendant's final transgression was no mere technical violation of the court's order. The district court determined that defendant, in addition to having "brought disrespect on the legal community" through his convicted offenses, had now "brought substantial discredit on the federal court," "diminishing [the federal court] in the eyes of the public." Defendant was found guilty of contempt and sentenced to an additional six months in prison.

II

Defendant first challenges the sufficiency of the evidence to satisfy the elements of the charged contempt. The district court's judgment of conviction must be supported by substantial and competent evidence on the whole record. *United States v. Turner*, 995 F.2d 1357, 1362 (6th Cir.1993). When reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, the court must ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v.*

*Layne,* 192 F.3d 556, 567 (6th Cir.1999). All reasonable inferences must be drawn in favor of the government. *Id.*

In order to establish contempt, the government must prove that defendant willfully violated a specific, clear and unequivocal court order. *Downey v. Clauder,* 30 F.3d 681, 686 (6th Cir.1994). That is, the government must prove (1) the existence of a lawful order of reasonable specificity; (2) that defendant had knowledge or notice of the order; and (3) that defendant willfully disobeyed the order. *Id.; United States v. Allen,* 73 F.3d 64, 67 (6th Cir.1995).

Defendant does not directly challenge the sufficiency of the evidence on the first of these elements and does not argue that the order was in any way unclear or ambiguous. Neither has defendant made an issue of the second element, his knowledge or notice of the order.

█ Addressing the third element, defendant maintains in his briefing that there is no evidence that he *willfully* violated the court's order. The only evidence offered on the issue, he argues, was his own testimony, which indicates his violation was motivated by the desire to spend a little time with his children and was innocent, not disrespectful or "willful."

"Willfulness" "implies a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation." *Downey,* 30 F.3d at 686. Although defendant testified that he had no intent to violate the order, he also admitted that he understood the order did not authorize his attendance at the New Year's Eve party. The district judge, who had ample opportunity to assess defendant's credibility, was entitled to find, under the circumstances, that the violation was not accidental or inadvertent or negligent, but deliberate. Indeed, defendant conceded the point during oral argument of his appeal, acknowledging the willfulness of his violation.

Accordingly, we hold that a rational trier of fact could find all the elements of contempt proved beyond a reasonable doubt. Defendant's sufficiency of the evidence challenge is denied.

### III

Imprisonment is a permissible punishment for contempt. 18 U.S.C. § 401. However, neither the contempt statute nor the Sentencing Guidelines prescribe an appropriate sentencing range. The length of a sentence of imprisonment for contempt is therefore committed to the sound discretion of the sentencing court. *United States v. Seavers,* 472 F.2d 607, 611 (6th Cir.1973). Defendant contends the district court abused its discretion when it sentenced him to an additional six months in prison for such an innocent violation of the conditions of his release.

"Sentences for criminal contempt are punitive in nature and are imposed for the purpose of vindicating the authority of the court." *United States v. United Mine Workers of America,* 330 U.S. 258, 302, 67 S.Ct. 677, 91 L.Ed. 884 (1947). Factors which may guide the court in sentencing for criminal contempt are "the extent of the willful and deliberate defiance of the court's order, the seriousness of the consequences of the contumacious behavior, the necessity of effectively terminating the defendant's defiance as required by the public interest, and the importance of deterring such acts in the future." *Id.* at 303. "Because of the nature of these standards, great reliance must be placed on the discretion of the trial judge." *Id.*

█ Here, the district court justifiably felt compelled to vindicate the authority and integrity of the court and the legal profession as whole. Further, considering that defendant's violation evidenced his

continuing reliance on deceit and manipulation to get his way, despite having just been sentenced to 41 months for fraud offenses, the district court may well have determined that a substantial penalty was needed to deter future misconduct by defendant. These are legitimate purposes, appropriately served by a six-month term of imprisonment.

Under 18 U.S.C. § 3147, a person convicted of a misdemeanor offense while released pending sentence or appeal shall be sentenced to a term of imprisonment of not more than one year, to be served consecutively. Defendant's contempt violation may be compared to a misdemeanor offense. His six-month sentence is well within the penalty range established by Congress under § 3147.

According the district court due deference in this matter, we hold that it did not abuse its discretion.

## IV

For the foregoing reasons, the district court's conviction and sentence are AFFIRMED.