

# Missouri Court of Appeals
## Southern District
### Division Two

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| vs. | ) No. SD35986 |
| | ) |
| PATRICK D. FRIEND, | ) FILED: February 24, 2020 |
| | ) |
| Appellant. | ) |

APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

Honorable John D. Beger, Judge

## AFFIRMED

Convicted of drug trafficking, Patrick Friend ("Defendant") challenges the sufficiency of the evidence and the trial court's refusal to make his codefendant testify. We affirm.

## Background

Police were called to check the well-being of persons parked at a Sonic. The officers found Defendant and Krista Payne in a rental car, reportedly traveling cross-country. A burned glass pipe with methamphetamine residue was in plain view between them on the center console. Defendant was awake, "super nervous," did not know where he was, and asked which state he was in. His glassy eyes and constricted pupils suggested recent drug use; sores on his face were consistent with long-term meth use.

A subsequent search of the car's interior yielded a digital scale, syringes, $5,000 cash in a small safe, and a pink backpack sitting on Defendant's passenger

seat that contained three bags of meth (402 grams total) and some empty baggies. The state charged both parties with drug trafficking.

After Payne pleaded guilty, Defendant proposed to call her as a witness at his trial. On her attorney's advice, Payne invoked her Fifth Amendment rights out of the jury's presence. Following further discussions and proceedings outside the jury's hearing, including a group phone call with Payne's attorney, the court declined to make Payne take the witness stand.

Defendant did testify. He admitted that he and Payne used meth together before starting their trip, but denied any awareness of the burned glass pipe, scales, syringes, baggies, or meth that police found in the car. The jury found him guilty.

## Point 1

Point 1 complains that the trial court's rulings regarding Payne were an abuse of discretion "depriving the jury of Payne's testimony *establishing her sole ownership and control of the pink backpack* [that] was reasonably likely to affect the outcome of trial" (our emphasis). Sufficient alone to defeat this point is the lack of any offer of proof.

The state's trial theory was joint possession.[1] Defendant made no offer of proof whatsoever as to Payne's expected testimony, much less that it would have shown (to quote Point 1) Defendant's "lack of knowledge as to the pink backpack and its illicit contents" or that Payne *solely and exclusively* possessed and controlled the meth found in their car. With no offer of proof, our review, at most, is for plain error. ***State v. Lee***, 523 S.W.3d 469, 475 (Mo.App. 2017).

Plain-error analysis is unnecessary because the trial court did not err, let alone plainly so. Payne's Fifth Amendment invocation triggered a rebuttable

---

[1] We quote from the prosecutor's summation:

> But you look at the circumstances surrounding it, the drugs are his. The drugs are hers. The drugs were theirs.
>
> And I'm convinced that when you apply common sense and logic and you look at the circumstances and put together in your mind with happened [sic], the only rational explanation is that the two of them were trafficking these drugs together.
>
> They were jointly possessing it. If they were jointly possessing it, he's possessing it. That he knew it was meth because they were using meth.

presumption that her answer might incriminate her.  **State v. Lingle**, 140 S.W.3d 178, 185 (Mo.App. 2004).  Defendant then had to demonstrate that the answer *could not possibly* tend to incriminate Payne.  **Id**.  Otherwise the court could not force her to answer.  **Id**.  Defendant did not make the necessary showing:

> THE COURT:  If you ask her if she owned a pink backpack, isn't that incriminating?

> [DEFENSE COUNSEL]:  Well, she's also invoking the Fifth to something that she's already pled to, Judge. I'm not sure that the --

> THE COURT: Well, she's still under jeopardy --

> [DEFENSE COUNSEL]:  I understand.

> THE COURT: -- by the federal government, which is a separate sovereign.[2]

> [DEFENSE COUNSEL]:  Okay.  Judge, I don't have a pointed legal argument that's gonna overcome it.  I understand the Judge's -- the Court's position. Thank you very much.

The trial court's ruling rested within its sound judgment, to which we give wide latitude on appeal and review only for abuse of discretion.  **Id**.  That standard is not remotely approached here.

Defendant calls it "unfairly prejudicial" that Payne did not have to face the jury, urging that jurors may have inferred her guilt had she been forced to testify "*solely* to claim privilege against self-incrimination" and "[t]he power of Payne testifying *solely* to assert her Fifth Amendment privilege is such that the jury would probably be able to infer her guilt regardless of whether the trial court issued a limiting instruction" (our emphases).

Of course, this is precisely why the court did *not* err in ruling as it did.  "[A] defendant should not be permitted to call a witness and use that witness' refusal to testify to infer the witness' guilt and thus defendant's innocence."  **State v.**

---

[2] *See, e.g.*, **U.S. v. Gaitan-Acevedo**, 148 F.3d 577, 588 (6th Cir. 1998)(trial court properly honored Fifth Amendment privilege where plea agreement did not protect witness from prosecution in any other jurisdiction); **U.S. v. Stephens**, 492 F.2d 1367, 1374 (6th Cir. 1974)(guilty plea to federal charge did not waive Fifth Amendment privilege against incrimination on any possible state charge); **U.S. v. Seavers**, 472 F.2d 607, 610 (6th Cir. 1973)(similar).

***Grays***, 856 S.W.2d 87, 92 (Mo.App. 1993). *See also **State v. Sidebottom***, 753 S.W.2d 915, 922 (Mo. banc 1988)(improper to require witness to take stand solely for the purpose of invoking privilege against self-incrimination). Point 1 fails.

## Point 2

To prove guilt as charged, the state had to show Defendant (1) consciously and intentionally possessed, actually or constructively, more than 90 grams of methamphetamine; and (2) was aware of its presence and nature. RSMo § 579.068 (Supp. 2017); *see also **State v. Zetina-Torres***, 482 S.W.3d 801, 806-07 (Mo. banc 2016)(under then-applicable RSMo § 195.223).

Point 2 focuses on the latter element, alleging an insufficiency of evidence that Defendant "was aware of the methamphetamine in the pink backpack." Thus we must determine whether jurors reasonably could find scienter beyond a reasonable doubt, accepting as true all evidence and reasonable inferences tending to prove guilt and ignoring all others. *See **Zetina-Torres***, 482 S.W.3d at 806.[3]

Scienter can be established inferentially by circumstantial evidence, "which need not be absolutely conclusive of guilt, nor demonstrate the impossibility of innocence." ***State v. Mitchell***, 442 S.W.3d 923, 930 (Mo.App. 2014). Such evidence may include, but is not limited to, a large quantity of drugs in the vehicle, drugs or paraphernalia in plain view, nervousness during search, and a defendant's statements. ***Zetina-Torres***, 482 S.W.3d at 807; ***State v. Woods***, 284 S.W.3d 630, 640 (Mo.App. 2009).

The trial record includes a burned meth pipe in plain view, other drug paraphernalia, a large amount of cash, and large quantities of meth, all in the car's passenger cabin where Defendant was riding; Defendant's nervousness; his admission that he used meth; and his physical indicators of recent and long-term meth use. This and other trial evidence was sufficient for reasonable jurors to infer

---

[3] Knowledge and possession are separate elements and the jury was so instructed. *See* MAI-CR 4th 425.14 (2017). We consider arguments only for errors asserted in points relied on and deem other contentions abandoned. ***Johnson v. State***, 580 S.W.3d 895, 899 n.4 (Mo. banc 2019). Accordingly we disregard Defendant's arguments about possession or control except as relevant to Point 2's claim that scienter was insufficiently proved.

Defendant's awareness of the meth found in the car and of its nature. Point denied. Judgment and conviction affirmed.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS