**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald Anthony JAMES,
Defendant–Appellant.**

**No. 87–8437
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 27, 1988.

Sage Brown, Savannah, Ga. (court-appointed), for defendant-appellant.

Arthur W. Leach, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.

Before HILL, FAY and CLARK, Circuit Judges.

CLARK, Circuit Judge:

This appeal, which illustrates the frailties of human nature, requires us to decide whether 18 U.S.C.A. § 3653 (West 1985) (repealed) authorizes a district court to revoke a sentence of probation for acts committed after conviction but prior to sentencing. Donald James, whose probation was revoked for fraudulently selling worthless television sets prior to being sentenced, contends that § 3653 does not give a district court such authority. For the reasons which follow, we affirm the district court's order revoking James' probation.

I.

In December of 1986, James was indicted for receiving and possessing stolen mail in violation of 18 U.S.C.A. § 1708 (West 1985). One month after being arrested, he was released pursuant to a supervisory bond on the conditions that he report to a federal probation officer once a week and that he not commit any federal, state, or local offenses. On February 26, 1987, James pled guilty to receiving and possessing stolen mail. The district court accepted the plea and directed that the probation officer in charge of James' case conduct a presentence investigation. After deciding not to imprison James pending the completion of

the presentence investigation, the district court warned James to stay out of trouble:

> Now, if you should get into any difficulty with the law, I will revoke this status, and house you over in the jail. Don't do that. I do not want to do it. It won't be a pleasant place. But, you are out at my sufferance now.... [Y]ou have no problem in this interim, as long as you obey [the probation officer] and obey the law.

Record, Vol. II, at 51.

On April 3, 1987, the district court sentenced James to five years probation and ordered him to perform three hundred hours of community service and pay a $600 fine. The district court again told James not to run afoul of the law and expressed doubt that James would be able to complete the probation term successfully:

> As you leave here today you think that you are going to make it. I would bet 99% you won't make it. Now, not to be cute or anything, [but] if they file a revocation of probation and you are guilty, you need only bring your toothbrush, because I will house you [in jail] for five years.

Record, Vol. III, at 11.

Three days after being sentenced, James told his probation officer that there might be a state warrant out for his arrest. After verifying that James had been charged by state authorities with armed robbery, the probation officer issued a warrant for James' arrest and filed a petition for revocation of James' probation. The probation officer later learned that James had also been charged by state authorities with theft by deception.

The state criminal charges arose from James' fraudulent sales of worthless television sets in March of 1987, prior to being sentenced to probation for receiving and possessing stolen mail. At the probation revocation hearing held by the district court, George Thurman, an army munitions specialist, and Janice Graves, a convenience store clerk, testified that in March of 1987

James sold them television sets that turned out to be old and worthless. Record, Vol. IV, at 14–16, 25–28.[1] James' probation officer testified that James admitted to him that "he was a con man" when he told him about the outstanding warrant. *Id.* at 43–44. The probation officer also testified that when he asked James about the armed robbery charge, James said: "It must have been the soldier out there at the mall." *Id.* at 44.

The district court found that James' fraudulent sales of the worthless television sets to Thurman and Graves constituted theft by deception, but not armed robbery. Because the government sought revocation of James' probation on the ground that James had perpetrated a fraud upon the court by not disclosing his illegal activity prior to sentencing, the district court asked the government and James' counsel to brief whether James had waived or surrendered his Fifth Amendment rights when he was placed on pretrial release and thereby became obligated to tell his probation officer of any criminal activity on his part unrelated to the charge of receiving and possessing stolen mail. On June 1, 1987, the district court, relying on the "fraud on the court" theory, revoked James' probation and sentenced him to four years in prison. The district court reasoned that it would not have placed James on probation had it known about the fraudulent sales of the worthless television sets because the illegal activity demonstrated that James was not a candidate for probation. Record, Vol. I, Tab 42, at 2.

## II.

### A.

Federal judicial power to grant or revoke probation derives solely from Congress. *Affronti v. United States,* 350 U.S. 79, 83, 76 S.Ct. 171, 174, 100 L.Ed. 62 (1955). The federal probation statute in effect at the time the events in this case took place provides that a district court can revoke a

---

1. Both Thurman and Groves got their money back from James and dropped the charges against him. Thurman, however, had to pay

$125.00 in court costs. Record, Vol. IV, at 17–19, 29–30.

sentence of probation for acts occurring "within the probation period." 18 U.S.C.A. § 3653 (West 1985) (repealed).[2]

Although no court has ever addressed whether § 3653 authorizes a district court to revoke a sentence of probation for acts occurring after conviction but prior to sentencing, four circuit courts of appeal, including the former Fifth Circuit, have held that § 3653 authorizes a district court to revoke a sentence of probation for acts occurring after sentencing but prior to the beginning of the probationary term. *See United States v. Daly*, 839 F.2d 598, 601 (9th Cir.1988); *United States v. Yancey*, 827 F.2d 83, 88 (7th Cir.1987); *United States v. Veatch*, 792 F.2d 48, 52 (3d Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 407, 93 L.Ed.2d 359 (1986); *United States v. Ross*, 503 F.2d 940, 943 (5th Cir.1974).

In *Ross*, we declined to adopt a literal reading of § 3563. As Judge Wisdom noted, the "argument [that probation could be revoked under § 3653 only for acts committed after the probation term had begun] ha[d] a certain superficial, if semantic, appeal," but "[s]ound policy" required that courts should be able to revoke probation for acts committed before the sentence commenced because "an immediate return

to criminal activity [was] more reprehensible than one which occur[red] at a later date." *Ross*, 503 F.2d at 943.

■ It is true that *Ross* is factually distinguishable because James' fraudulent sales of the worthless television sets took place prior to sentencing, but this is a distinction without a difference. A return to illegal activity prior to sentencing is just as contemptible as a return to illegal activity prior to the beginning of the probationary term. The policy considerations which we found compelling in *Ross* are present here and dictate the same result. We therefore hold that § 3653 authorizes a district court to revoke a sentence of probation for acts committed after conviction but prior to sentencing.[3]

### B.

■ Our interpretation of § 3653 does not necessarily mean that the district's revocation of James' probation was correct. We must still determine whether the district court abused its discretion. *See United States v. O'Quinn*, 689 F.2d 1359, 1361 (11th Cir.1982) ("[w]e will reverse a revocation of probation only for an abuse of discretion by the district court"). This ques-

---

**2.** In relevant part, § 3653 provides that at "any time within the probation period, the probation officer may for cause arrest the probationer, wherever found, without a warrant.... As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require [the probationer] to serve the sentence imposed, or any lesser sentence, and if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." The statute which replaced § 3653 provides that a district court can revoke a sentence of probation "if the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation." 18 U.S.C.A. § 3565 (West 1987).

As part of the Comprehensive Crime Control Act of 1984, § 3565(a)(2) was supposed to become effective on November 1, 1986, but in 1985 Congress changed the effective date of the Act to November 1, 1987 and provided that the Act would only apply to offenses committed after that date. *See* Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985). Because the offense which

led to James' sentence of probation—receiving and possessing stolen mail—occurred prior to November 1, 1987, § 3653 controls the disposition of this case. We therefore express no opinion as to whether § 3565 authorizes a district court to revoke a sentence of probation for acts committed after conviction but prior to sentencing. *But cf. Tortora v. Petrovsky*, 545 F.Supp. 569, 571 & n. 1 (W.D.Mo.1982) (federal regulation providing that parole could be revoked only if the parolee "violated the conditions of his release" did not support revocation of parole for acts committed prior to the grant of parole).

**3.** Given our interpretation of § 3653, we need not address whether the district court properly relied on the "fraud on the court" theory, *see, e.g., United States v. Torrez-Flores*, 624 F.2d 776, 782–83 (7th Cir.1980) (where district court had agreed to grant probation without presentence investigation on the basis of defendant's representation that he did not have a prior record and made it clear that defendant's probation could be revoked if he had misrepresented his prior record, district court had discretion to revoke defendant's probation upon discovering that the defendant did in fact have a prior record), in revoking James' probation.

tion need not detain us long, for it is clear that the district court was justified in believing that James should not receive the benefit of probation. *Cf. Burns v. United States*, 287 U.S. 216, 220–21, 53 S.Ct. 154, 155–56, 77 L.Ed.2d 266 (1932) (in revoking or modifying a sentence of probation, the question is "whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant"). Despite being warned by the district court to stay out of trouble pending the completion of the presentence investigation, James engaged in illegal activity soon after pleading guilty to receiving and possessing stolen mail. The district court did not abuse its discretion in revoking his probation.

AFFIRMED.