UNITED STATES of America, Plaintiff–Appellee,

v.

Sadie Mae TWITTY, Defendant–Appellant.

No. 94–1618.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 15, 1994.

Decided Jan. 17, 1995.

---

Patricia G. Blake (briefed), Joseph J. Allen, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Detroit, MI, for plaintiff-appellee.

Jonathan Epstein (argued and briefed), Federal Public Defenders Office, Detroit, MI, for defendant-appellant.

Before: CONTIE and SUHRHEINRICH, Circuit Judges; and EDGAR, District Judge.[*]

EDGAR, D.J., delivered the opinion of the court, in which SUHRHEINRICH, J., joined.

CONTIE, J. (pp. 414–15), delivered a separate dissenting opinion.

EDGAR, District Judge.

Sadie Mae Twitty appeals the district court's revocation of her probation under 18 U.S.C. § 3565. The revocation was predicated on conduct which occurred before Twitty was sentenced to probation. We **REVERSE.**

## I.

On July 23, 1992, Twitty was brought before a United States Magistrate Judge for an initial appearance. She had been charged in a complaint with using one or more unauthorized access devices (credit cards) in violation of 18 U.S.C. § 1029. The magistrate judge released her on bond. One of the conditions of her release was that "[t]he defendant shall not commit any offense in violation of federal, state or local law while on release in this case."

On October 13, 1992, Twitty waived indictment and pled guilty to a one-count information charging her with violating 18 U.S.C. § 1029. The district court continued Twitty's bond pending sentencing.

In December 1992 Twitty, posing as her deceased sister, cashed three General Motors Corporation checks and a United States Treasury check. On January 7, 1993, the district judge, who did not know about the defendant's December conduct, sentenced her to probation for five years. As a condition of her probation she was to spend six months in a community treatment center. This condition was modified in March 1994 to sixty days in home confinement. In October

---

[*] The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennes-see, sitting by designation.

1993 she pled guilty in state court to "uttering and publishing as an habitual offender," conduct represented by her December 1992 criminal activity. In January 1994 Twitty was sentenced on the state charges to five years probation. On May 17, 1994, the district court, at the behest of the government, revoked Twitty's probation because of her December 1992 criminal conduct, and sentenced her to nine months in prison.

## II.

■ When the district court revoked Twitty's probation it was, of course, aware that Twitty's December 1992 criminal conduct had occurred before she was sentenced to probation. The district court reasoned that this circuit's decision in *United States v. Williams*, 15 F.3d 1356 (6th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 431, 130 L.Ed.2d 344 (1994), warrants revocation of probation for preprobation conduct, even if that conduct occurred prior to the imposition of probation, so long as the defendant has "fair notice" to remain crime free. The district court found "fair notice" in the condition of Twitty's appearance bond that she not commit any violation of federal, state or local law while released on bond.

■ The statute governing a district court's authority to revoke probation is 18 U.S.C. § 3565(a) which reads in relevant part: "If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing ... revoke the sentence of probation...." In *Williams*, the Court interpreted the predecessors of this statute, but also observed that 18 U.S.C. § 3565 "clearly grants courts authority to revoke probation for pre-probationary conduct." 15 F.3d at 1359 n. 4. This circuit in *Williams*, and other circuits, have held that the statutory language of 18 U.S.C. § 3565 and its predecessor statutes authorize the revocation of probation for conduct occurring after imposition of the probationary sentence but before commencement of probation. *United States v. Johnson*, 892 F.2d 369 (4th Cir.1989); *United States v. Daly*, 839 F.2d 598 (9th Cir.1988); *United States v. Camarata*, 828 F.2d 974 (3d Cir.1987), *cert. denied*,

484 U.S. 1069, 108 S.Ct. 1036, 98 L.Ed.2d 1000 (1988); *United States v. Davis*, 828 F.2d 968 (3d Cir.1987), *cert. denied*, 484 U.S. 1069, 108 S.Ct. 1036, 98 L.Ed.2d 1000 (1988); *United States v. Yancey*, 827 F.2d 83 (7th Cir.1987); *United States v. Veatch*, 792 F.2d 48 (3d Cir.), *cert. denied*, 479 U.S. 933, 107 S.Ct. 407, 93 L.Ed.2d 359 (1986); *United States v. Ross*, 503 F.2d 940 (5th Cir.1974). In all of these cases, the defendant at least had fair notice of the terms of probation which could result in revocation. Indeed, since revocation of probation may result in loss of liberty, the Fifth Amendment requires that a defendant be accorded due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 781–82, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656 (1973); *United States v. Dodson*, 25 F.3d 385, 388 (6th Cir.1994). Due process requires, among other things, notice or fair warning of what conduct might result in revocation. *United States v. Gallo*, 20 F.3d 7, 11 (1st Cir.1994); *United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir.1989); *United States v. Grant*, 816 F.2d 440, 442 (9th Cir.1987); *United States v. Simmons*, 812 F.2d 561, 565 (9th Cir.1987); *United States v. Dane*, 570 F.2d 840, 843 (9th Cir.1977). Here, Twitty had no fair warning that her December 1992 conduct could result in a violation of the terms of her probation because those terms had not yet been imposed. When she forged her sister's endorsement on the checks in December 1992, she knew that her appearance bond could indeed be revoked for criminal conduct. But she did not know that she could receive nine months imprisonment for a probation violation. She has not been accorded due process.

The only case holding that probation is revocable for presentence conduct is *United States v. James*, 848 F.2d 160 (11th Cir.1988). In construing 18 U.S.C. § 3653, a predecessor of the currently applicable 18 U.S.C. § 3565, the Eleventh Circuit, in finding that presentence conduct can be the basis for probation revocation, reasoned that "[a] return to illegal activity prior to sentencing is just as contemptible as a return to illegal activity prior to the beginning of the probationary term." 848 F.2d at 162. Therefore, it was concluded that policy considerations

must dictate the same result in both situations. While we might agree with the Eleventh Circuit that criminal conduct is contemptible no matter when it occurs, we nevertheless conclude that no matter how contemptible a person's conduct may be, that person cannot be imprisoned except within the constraints of due process.

The language in 18 U.S.C. § 3565 authorizing revocation of a probationary sentence for "violation of a condition of probation at anytime prior to the expiration or termination of litigation of the term of probation" does not mean that revocation is authorized for presentence conduct. The statute only permits court action for violation of a "condition of probation." We fail to see how one can violate a condition of probation before it exists. As we have said, a contrary reading of the statute would raise due process concerns, and it is a well known principle of statutory construction that statutes should be construed to avoid unconstitutionality when fairly possible. *Concrete Pipe v. Pension Trust*, ⸺ U.S. ⸺, ⸺ ⸺, 113 S.Ct. 2264, 2282–83, 124 L.Ed.2d 539, 568 (1993); *Edward J. DeBartolo Corp. v. Florida Gulf Coast Building & Construction Trades Council*, 485 U.S. 568, 575, 108 S.Ct. 1392, 1397, 99 L.Ed.2d 645 (1988); *Eubanks v. Wilkinson*, 937 F.2d 1118, 1122 (6th Cir. 1991).

■ In summary, a defendant's probation may be revoked for conduct which occurs prior to the actual commencement of the probationary sentence, *Williams*, 15 F.3d at 1358–60, but not for conduct which occurs prior to the date on which the defendant was sentenced to probation.

### III.

■ The government also asserts that Twitty's probation was properly revocable for "fraud on the court" although the district court did not rest its decision on this ground. This doctrine "allows a federal court to vacate its own judgment upon proof that⸱ a fraud has been perpetrated upon the court." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991); *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 244, 64 S.Ct. 997, 1000, 88 L.Ed. 1250 (1944). Courts inherently possess this equitable power in order to preserve the integrity of the judicial process. *Chambers*, 501 U.S. at 44, 111 S.Ct. at 2132. If Twitty or her counsel had here committed fraud on the court with respect to Twitty's December 1992 conduct, the district court could have vacated Twitty's sentence and resentenced her. *United States v. Kendis*, 883 F.2d 209 (3d Cir.1989); *Yancey*, 827 F.2d at 85–86; *United States v. Bishop*, 774 F.2d 771 (7th Cir.1985); *Trueblood Longknife v. United States*, 381 F.2d 17 (9th Cir.1967), *cert. denied*, 390 U.S. 926, 88 S.Ct. 859, 19 L.Ed.2d 987 (1968); *see Williams*, 15 F.3d at 1363.

Twitty's sentence could not have been vacated on the facts of this case. There is nothing in the record to indicate that Twitty's counsel even knew about Twitty's December 1992 forged checks at the time Twitty was sentenced on January 7, 1993. Twitty said nothing at the sentencing hearing except to apologize for what she had done and that she would try to make restitution. The judicial process is not subverted by fraud unless there is a showing of at least a reckless disregard for the truth. *Demjanjuk v. Petrovsky*, 10 F.3d 338, 353–54 (6th Cir.1993), *cert. denied*, ⸺ U.S. ⸺, 115 S.Ct. 295, 130 L.Ed.2d 205 (1994). Twitty said nothing to the court about her December 1992 crimes. She was under no obligation to do so. These December offenses were, of course, different crimes from the one on which she was being sentenced. She had her Fifth Amendment privilege not to answer questions about the December crimes had those questions been asked. *Minnesota v. Murphy*, 465 U.S. 420, 426, 104 S.Ct. 1136, 1141, 79 L.Ed.2d 409 (1984); *United States v. DeLa Cruz*, 996 F.2d 1307, 1312–13 (1st Cir.), *cert. denied*, ⸺ U.S. ⸺, 114 S.Ct. 356, 126 L.Ed.2d 320 (1993); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1075 (6th Cir.1990); *United States v. Lugg*, 892 F.2d 101, 102–03 (D.C.Cir.1989); *United States v. Seavers*, 472 F.2d 607, 611 (6th Cir.1973). We conclude there was no fraud on the court in this instance.

## IV.

■ We recognize that this Court reviews a district court's decision to revoke probation and impose a custodial sentence only for clear abuse of discretion. *Williams,* 15 F.3d at 1364. Here, for the reasons expressed, we reluctantly conclude that the district court did abuse its discretion. This does not necessarily mean that Twitty's December activity need go unsanctioned. The district court could commence a prosecution against Twitty for contempt under 18 U.S.C. § 3148(c) and 18 U.S.C. § 401(3) for violating a condition of her release on bond. Of course, Twitty could have been subjected to federal prosecution for forging her sister's endorsement on a United States Treasury check. 18 U.S.C. § 510.

Accordingly, the judgment of the district court is **REVERSED.** The judgment entered by the Court on May 17, 1994 revoking Twitty's probation and sentencing her to nine months imprisonment is **VACATED.**

CONTIE, Circuit Judge, dissenting.

Because Twitty's offenses were committed after November 1, 1987, the district court's authority to revoke her probation was governed by 18 U.S.C. § 3565, not the more restrictive 18 U.S.C. §§ 3651 and 3653 (repealed by Pub.L. 98–473, § 212, 98 Stat. 1987 (1984)).[1] In *United States v. Williams,* 15 F.3d 1356 (6th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 431, 130 L.Ed.2d 344 (1994), this court held that the district court properly revoked the defendant's probation for pre-probation conduct notwithstanding section 3653's "within the probation period" language. In fact, this court expressly noted: "Our conclusion is bolstered by the fact that Congress has replaced 18 U.S.C. §§ 3651 and 3653 with 18 U.S.C. § 3565. That section clearly grants courts authority to revoke probation for pre-probationary conduct." *Id.* at 1359 n. 4. *See also United States v. Myers,* 993 F.2d 1548 (6th Cir.1993) (unpublished)

("If Congress had intended to authorize revocation of probation on the basis of conduct occurring at any time before the probation period ended, it would have been easy enough to say so—witness 18 U.S.C. § 3565, where Congress has now said precisely that.").

In *United States v. Ross,* 503 F.2d 940 (5th Cir.1974), the Fifth Circuit held: "Sound policy requires that courts should be able to revoke probation for a defendant's offense committed before the sentence commences; an immediate return to criminal activity is more reprehensible than one which occurs at a later date." *Id.* at 943. *See also United States v. Johnson,* 892 F.2d 369, 372 (4th Cir.1989) ("[T]he power to revoke probation permits the correction of a sentence based on an erroneous assumption that defendant would likely benefit from leniency.").

In *United States v. James,* 848 F.2d 160 (11th Cir.1988), the Eleventh Circuit held:

It is true that *Ross* is factually distinguishable because James' fraudulent sales of the worthless television sets took place prior to sentencing, but this is a distinction without a difference. A return to illegal activity prior to sentencing is just as contemptible as a return to illegal activity prior to the beginning of the probationary term.... We therefore hold that § 3653 authorizes a district court to revoke a sentence of probation for acts committed after conviction but prior to sentencing.

... [T]he district court was justified in believing that James should not receive the benefit of probation. Despite being warned by the district court to stay out of trouble pending the completion of the pre-sentence investigation, James engaged in illegal activity soon after pleading guilty to receiving and possessing stolen mail. The district court did not abuse its discretion in revoking his probation.

*Id.* at 162–63 (footnote and citations omitted).

Because Twitty "cannot seriously contend that she did not understand that illegally

---

1. 18 U.S.C. § 3565 provides: "If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may ... revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing." Section 3653

provided: "At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court ... may issue a warrant for [the probationer's] arrest for violation of probation occurring during the probation period."

cashing checks using the name of her dead sister might have an effect on her sentence," Appellee's Brief at 9, Twitty's "commission of new crimes while still under the jurisdiction of the district court demonstrates a contempt for judicial authority and indicates that she would not benefit from a further extension of trust." *Id.* at 6. *See generally United States v. Camarata,* 828 F.2d 974, 980 (3d Cir.1987) ("Courts are granted 'an exceptional degree of flexibility' in determining when to grant probation, and are left an equal flexibility in determining when to revoke[.]"), *cert. denied,* 484 U.S. 1069, 108 S.Ct. 1036, 98 L.Ed.2d 1000 (1988).

Because the district court justifiably revoked Twitty's probation when it learned that she had committed new crimes after pleading guilty in district court, I respectfully dissent.