**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**James A. KIMES, Defendant–Appellant.**

No. 01–5856.

United States Court of Appeals,
Sixth Circuit.

Dec. 18, 2001.

Before SILER and COLE, Circuit Judges; and STAFFORD,* District Judge.

* The Honorable William Stafford, Senior United States District Judge for the Northern District of Florida, sitting by designation.

PER CURIAM.

Appellant, James A. Kimes, appeals the revocation of his probation and imposition of sentence. We affirm.

## I. BACKGROUND

Kimes is a veteran of the Vietnam war. In July of 1998, Kimes sought treatment at a Department of Veteran Affairs ("VA") medical center for recurrent symptoms of depression and post-traumatic stress disorder. Kimes thereafter attended weekly counseling sessions with a psychology intern at the medical center.

On March 28, 1999, two VA police officers observed a truck parked in a back corner of the medical center parking lot. Seeing movement in the truck, the officers knocked on the window and offered assistance to the person inside. Kimes exited the truck, screaming that he had done nothing wrong and that he wanted to go to the emergency room. One of the officers approached Kimes and, in an attempt to calm him down, placed an open hand on his shoulder. An altercation ensued, during which Kimes attempted to remove the officer's gun from its holster. Kimes was subdued, then handcuffed and taken to the VA police station. Officers later searched his truck where they found a bayonet and a filet knife, both with blades over three inches long in violation of VA regulations.

Kimes was charged with assaulting the VA officers in violation of 18 U.S.C. § 111(a)(1) and with possessing knives on VA property in violation of VA regulations. A jury found him guilty of both offenses on August 20, 1999. On January 31, 2000, the court sentenced Kimes to two years probation, a special condition of which included participation in a program of mental health

treatment as directed by the probation officer. Defendant's conviction was later affirmed on appeal. *United States v. Kimes*, 246 F.3d 800, 802–803 (6th Cir. 2001).

In July of 2000, Kimes admitted to his probation officer that he was no longer seeing a mental health professional or taking his prescribed antidepressant medication. · The probation officer directed Kimes to return to treatment and to obtain a medical opinion about whether it was advisable for him to discontinue the prescribed medication. When Kimes objected to the probation officer's suggestion that he return to the VA for services, the officer advised him to see a professional of his own choosing. It was not until November 7, 2000, that Kimes had an appointment with a counselor, but nothing materialized because Kimes refused to speak.

On November 28, 2000, the probation officer met with Kimes and his attorney to advise them that she would have to notify the court if Kimes persisted in refusing to comply with her directions regarding mental health treatment. When Kimes thereafter failed to comply as directed, a summons was issued for him to appear at a violation hearing scheduled for April 30, 2001. At that hearing, Kimes did not contest the violation but stated that he did not trust the VA counselors, whom he blamed for his convictions. The court took the petition to revoke Kimes's probation under advisement, relieved the probation office from further supervision of Kimes, and set a second revocation hearing/status conference to be held on July 2, 2001.

In the interim, on May 29, after learning that Kimes's children had been removed from the family home based upon allegations of child abuse, the court *sua sponte* issued an order directing the probation officer to attend the state court probable cause hearing in regard to these child abuse allegations. The probable cause hearing was scheduled for the next day, May 30, 2001, but was twice continued and had not yet been conducted at the time of the July 2nd federal revocation hearing.

At the hearing on July 2, 2001, Kimes produced evidence that he had begun attending counseling sessions with a licensed clinical social worker on June 6, 2001. Kimes's social worker did not testify at the revocation hearing but advised Kimes's counsel just a few days earlier that Kimes had participated in seven therapy sessions during June, that Kimes would benefit from continued therapeutic intervention, and that "[a]n evaluation for medication needs related to his depression and anxiety [wa]s also warranted." Kimes elected not to take the stand to testify in his own behalf.

Based on the evidence heard at the two revocation hearings, the court found Kimes guilty of failing to comply with the probation officer's directions regarding participation in a mental health treatment program. Describing Kimes's efforts to attend counseling sessions after June 6, 2001 as "too little and too late," the court explicitly stated that it would not address the merits of the child custody matter then pending in state court. Because Kimes failed to comply with a special condition of his probation, the court revoked his probation and sentenced him to nine months incarceration.

## II. STANDARD OF REVIEW

A district court is authorized to revoke a sentence of probation if a defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation. 18 U.S.C. § 3565(a). We review a district court's decision to revoke probation for an abuse of discretion. *United States v. Twitty*, 44 F.3d 410, 414 (6th Cir.1995).

## III. DISCUSSION

Kimes first argues that the district court lacked a proper basis for revoking his probation given that he was receiving mental health treatment at the time of the second revocation hearing. Kimes cites no authority, however, for the proposition that a defendant may refuse to comply with a condition of his probation for a period of time but nonetheless avoid revocation by demonstrating compliance at the time of a revocation hearing. Here, Kimes did not contest the fact that he failed to comply with a condition of his probation for more than a year. Moreover, at the time of the July 2nd hearing, Kimes had not yet complied with the probation officer's direction to see a professional competent to address his medication needs. The district court quite properly found that Kimes failed to comply with a condition of his probation, and we find no abuse of discretion in his decision to revoke.

The record belies Kimes's contention that the district court improperly considered the allegations of child abuse and/or his failure to testify at the revocation hearing. While the district court indeed heard evidence—relevant evidence we might add—related to the child abuse allegations against Kimes, the court specifically stated in its order revoking probation that it would not address the merits of the child custody matter then pending in a state court proceeding. That the district court also stated, merely as fact, that Kimes elected not to take the stand to testify in his own behalf does not mean, nor does it even suggest, that the court in any way based its revocation decision on Kimes's failure to testify. The district court was clear in its order: the evidence established that Kimes violated the terms of his probation, and his probation was revoked accordingly. Again, we find no abuse of discretion.

Kimes also challenges the reasonableness of the sentence that the district court imposed. Upon review, we conclude that Kimes has not raised an appealable issue concerning his sentence. A defendant may only seek review of his sentence on the grounds that: (1) the sentence was imposed in violation of law; (2) the sentence was imposed as a result of an incorrect application of the sentencing guidelines; (3) the sentence represents an upward departure from the applicable guidelines range; or (4) the sentence was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(a); *United States v. Velez*, 1 F.3d 386, 389 (6th Cir.1993) (appellate court is without jurisdiction to review any sentence within the guideline range unless the appellant raises a constitutional question). Kimes has not challenged his sentence on any of these bases. Indeed, Kimes concedes that the district court imposed a sentence that was within the applicable 3–9 month sentencing guideline range. Because the district court imposed a legal sentence that was within the appropriate guidelines range, we have no jurisdiction to review the reasonableness of the sentence imposed.

## IV. CONCLUSION

Finding no merit to the issues raised by Kimes on appeal, we AFFIRM.