

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-10-2003

# USA v. Lavanture

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4389

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Lavanture" (2003). *2003 Decisions*. Paper 280.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/280

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-4389

_____

UNITED STATES OF AMERICA

v.

JEAN RUDOLPH LAVANTURE
a.k.a.
RUDY LAVANTURE

Rudy Lavanture,
Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 97-cr-00428-1)
District Judge: Honorable Harold A. Ackerman

_____

Submitted Under Third Circuit LAR 34.1(a)
July 31, 2003

Before: SCIRICA, Chief Judge, RENDELL and AMBRO, Circuit Judges

(Filed September 10, 2003 )

_____

OPINION

_____

AMBRO, Circuit Judge

Jean Rudolph Lavanture pleaded guilty in 1998 to the federal offense of wire

fraud, and the District Court in 1999 sentenced him to five years probation. Three years later, Lavanture pleaded guilty in state court to having committed real estate securities fraud. After holding a hearing and finding Lavanture's state court conviction violated a condition of his probation, the federal District Court revoked his probation and resentenced him to imprisonment. Lavanture appeals the District Court's decision. We affirm.[1]

## I.

On February 18, 1998, Lavanture pleaded guilty to Count Three of an indictment filed in the District of New Jersey that charged on or about March 24, 1997, he used an unauthorized Visa credit card in violation of 18 U.S.C. §§ 1029(a)(2) and (b)(1). On April 21, 1999, the District Court sentenced Lavanture to five years probation and a $10,000 fine. As a condition of his probation, Lavanture was instructed: "[w]hile on probation, you shall not commit another Federal, state, or local crime . . . ."

On July 18, 2001, a grand jury in the County of New York indicted Lavanture on 23 counts of real estate securities fraud, committed "on or about and between November 18, 1997 and April 6, 2001." Lavanture pleaded guilty to two of these counts on April 9, 2002. The State moved to have Lavanture sentenced as a predicate felon, citing his prior conviction for federal wire fraud. At Lavanture's sentencing on June 5, 2002, the New York Supreme Court denied the State's motion, finding the state court indictment alleged

---

[1] We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291.

2

a scheme to defraud over a period of time and that some of the conduct occurred prior to the federal conviction. The Supreme Court imposed concurrent sentences of one to three years imprisonment on the first count and two to six years on the second.

On August 9, 2001 – after Lavanture had been indicted by the state grand jury but prior to his guilty plea and sentencing in state court – the United States Probation Office petitioned the District Court for a warrant to arrest Lavanture for violating his federal sentence. The District Court held a hearing on November 25, 2002, and found Lavanture's conviction in New York state court violated a condition of his probation. Accordingly, the District Court revoked Lavanture's probation and sentenced him to 24 months imprisonment, to run consecutively to his state court prison sentence.

## II.

Lavanture challenges on three grounds the District Court's decision to revoke his probation. None of the arguments is persuasive, and we address each in turn.

## A.

Title 18 U.S.C. § 3565(a) provides a District Court may revoke a sentence of probation "[i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation . . . ." Lavanture argues that because the criminal conduct giving rise to his guilty plea in state court occurred prior to the date he was sentenced to probation in federal court, the District Court erred in revoking his probation. The Government responds that the decision was appropriate because the

3

District Court based the revocation on a state crime that continued for approximately two years after Lavanture was sentenced to probation. We review a District Court's order to revoke a defendant's probation for an abuse of discretion. *Gov't of the Virgin Islands v. Martinez*, 239 F.3d 293, 297 (3d Cir. 2001).

Lavanture's argument is based almost exclusively on the Sixth Circuit's decision in *United States v. Twitty*, 44 F.3d 410 (6th Cir. 1995).[2] In that case, the defendant

---

[2]Indeed, this section of Lavanture's brief is five pages, and more than half of the text appears to have been cut and pasted directly from *Twitty*, with almost no alteration or attribution. In so doing, Lavanture's counsel ill-represents his client's interests and for several reasons we note our strong disfavor of the practice.

First, it is certainly misleading and quite possibly plagiarism to quote at length a judicial opinion (or, for that matter, any source) without clear attribution. For example, at pages seven and eight of Lavanture's brief his counsel has copied, nearly verbatim, extended passages from *Twitty* – including string cites and the Court's summation of the cases' holdings – but *Twitty* is not cited for the first time until page nine. And upon introducing *Twitty*, the brief reproduces the Sixth Circuit's language almost word-for-word until page eleven, again without adequate citation.

Second, by simply reprinting the Sixth Circuit's work out of its original context, certain statements in Lavanture's brief are inaccurate. For example, it is common and correct for the Sixth Circuit in its opinion to refer to "this Circuit," or to describe Twitty's rights in the present tense; the same is not true for a brief filed in the Third Circuit eight years after *Twitty* was decided. To cite another example, the Sixth Circuit's statement – "We fail to see how one can violate a condition of probation before it exists," 44 F.3d at 413 – has been changed in Lavanture's brief to: "One can violate a condition of probation before it exists." Appellant's Br. at 10. Deleting the clause "we fail to see how," without modifying the auxiliary verb "can," obviously changes the meaning of the sentence, an error overlooked by Lavanture's counsel. In fact, the entire paragraph in *Twitty* where this sentence appears is included in Lavanture's brief without any citation to *Twitty* and without any changes save two instances where the Sixth Circuit stated "[w]e fail to see" and "[a]s we have said." *Compare* 44 F.3d at 413 (first full paragraph), *with* Appellant's Br. at 10 (second full paragraph).

4

pleaded guilty to one count of wire fraud in federal court in October 1992. In December 1992, while awaiting sentencing, the defendant cashed checks while posing as her deceased sister. The federal District Court sentenced her to probation in January 1993, and in October 1993 she pleaded guilty in state court to check fraud. The District Court revoked her probation in May 1994. However, the Sixth Circuit reversed. It noted that many circuits "have held that the statutory language of 18 U.S.C. § 3565 and its predecessor statutes authorize the revocation of probation for conduct occurring after imposition of the probationary sentence but before commencement of probation." *Id.* at 412 (citing, *inter alia*, *United States v. Camarata*, 828 F.2d 974 (3d Cir. 1987)). In those circumstances, a defendant has fair notice, consistent with due process, of what conduct may result in the revocation of probation. The same is not true, according to the Sixth Circuit, "for conduct which occurs prior to the date on which the defendant was sentenced to probation."[3]

But *Twitty* is inapplicable here, where the District Court did not revoke Lavanture's probation for presentence conduct. He argues the New York Supreme Court's refusal to sentence him as a predicate felon demonstrates the criminal conduct on which his state court conviction was based – according to the indictment, committed "on

---

[3]*Id.* at 413. The Sixth Circuit noted its disagreement with *United States v. James*, 848 F.2d 160 (11th Cir. 1988), which it described as "[t]he only case holding that probation is revocable for presentence conduct." *Twitty*, 44 F.3d at 412. Because Lavanture's probation was not revoked for presentence conduct, we express no opinion on this issue.

or about and between November 18, 1997 to April 6, 2001" – occurred prior to the date

he was sentenced to probation in federal District Court – April 21, 1999. This is correct,

but only partly so. While the state court did find Lavanture's securities fraud scheme had

begun before the date of his wire fraud conviction in federal court, it also found his

criminal conduct was an ongoing enterprise that continued after his federal conviction.

More specifically, the state court found:

> With respect to count 1, it seems to me that the allegation in count 1 is that basically it was a scheme to defraud over a period of time. Some of that period is before the federal conviction, *some of it is after the federal conviction*, so it seems to me under the circumstances I can't really make a finding that the crime was completed prior to his plea in this case because it really isn't worded that way and that's my ruling.

App. at 88 (emphasis added). Indeed, during his state court plea colloquy Lavanture

himself acknowledged that he continued to engage in criminal activity for almost two

years after he was sentenced to probation on April 21, 1999.[4]

---

[4]

> THE COURT: Under this first count here, the AG might want to ask you some questions, but I want to make sure that you operated a business, you, yourself, also known as Jean Lavanture and Intrust Investment Realty Company, LLC, also known as Intrust Realty, these were your companies, and from *on or about November 18, 1997 through April 6th of the year 2001*, in the County of New York, you intentionally engaged in a scheme *constituting a systematic ongoing course of conduct* with intent to defraud ten or more persons and to take property from ten or more persons, basically money, by false and fraudulent representations, and that in making these false and fraudulent representations you did actually obtain money from one or more people while engaged in inducing and promoting the issuance, distribution, exchange, sale, negotiation and purchase of securities, specifically moneys paid in connection with the purchase of investments and realty from the U.S.

In sum, unlike in *Twitty*, where the criminal offense involved discrete events (fraudulent check cashing) completed prior to sentencing, Lavanture's multiyear real estate fraud was an ongoing violation of a condition of his probation, committed "prior to the expiration or termination of the term of probation." 18 U.S.C. § 3565(a). Accordingly, the District Court did not abuse its discretion in revoking Lavanture's probation.

B.

As instructed by 18 U.S.C. § 3565(a)(1), the District Court held a hearing to consider whether Lavanture's probation should be revoked. Lavanture argues the District Court's questioning of him at this hearing "disclosed bias against the defendant, requiring reversal on grounds of excessive judicial intervention." Appellant's Br. at 12. We have recognized, as have other circuits, that a "trial judge may elicit germane facts through interrogation of witnesses on his own initiative," but also cautioned the court "must not 'abandon [its] proper role and assume that of an advocate.'" *United States v. Wilensky*, 757 F.2d 594, 597 (3d Cir. 1985) (internal citations omitted). Lavanture contends the District Court's questioning in this instance was "inappropriate and served no purpose,"

---

Department of Housing and Urban Development, HUD.

Is that true?

THE DEFENDANT: Yes.

App. at 82 (emphases added).

7

and "fell below established standards of fairness." Appellant's Br. at 16, 19.

This claim is not well-founded. Lavanture raised no objection at the revocation hearing, and thus we review the District Court's questioning of him for plain error. *See United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) (*en banc*). Under the plain error standard:

> before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.

*Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)). Here there was not even an error. First, as *Wilenksy* and related decisions emphasize, excessive questioning of a witness may especially be prejudicial where the bench influences the jury toward a conviction. *See Wilensky*, 757 F.2d at 598 ("In order to reverse on grounds of excessive judicial intervention, the record must either 'disclose actual bias on the part of the trial judge (or) leave the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected *to the jury* an appearance of advocacy or partiality.'") (emphasis added) (quoting *United States v. Beaty*, 722 F.2d 1090, 1093 (3d Cir. 1983)). Lavanture's probation revocation hearing did not involve a jury. While it may be possible a District Court's questioning in these circumstances could be so unfair as to violate a probationer's due process rights, we are mindful that "in non-jury proceedings, questioning by the judge will rarely be prejudicial to the defendant." *United*

8

*States v. Webb*, 83 F.3d 913, 917 (7th Cir. 1996) (internal citation omitted).

Moreover, the District Court's inquiries in this case were entirely justified. Title 18 U.S.C. § 3565(a) mandates the sentencing judge first hold a hearing to determine whether a probationer has violated the terms of his sentence and, if so, whether to resentence him pursuant to the factors set forth in 18 U.S.C. § 3553(a), including "the need for the sentence imposed to reflect the seriousness of the offense . . . ." *Id.* at § 3553(a)(2)(A). Having reviewed the record, we believe the District Court's questions were intended to satisfy this purpose and well within acceptable bounds. Judge Ackerman asked Lavanture about the nature and extent of the actions that comprised his state court offenses and whether he had paid fully the restitution and fines imposed for both his state and federal offenses. This was not error, much less plain error that affected Lavanture's substantial rights.

## C.

Lavanture's final claim is that the representation provided by his former lawyer constituted ineffective assistance of counsel. Lavanture argues that the former counsel's performance was deficient in failing to object to the District Court's allegedly excessive questioning at the probation revocation hearing. Lavanture also alleges that in October 2002 he paid the lawyer $3000 to represent him at the probation hearing, but the lawyer ignored his case. When Lavanture stated he would retain new counsel and seek a refund, his then-counsel threatened to justify the fee by fabricating his hours. Lavanture also

claims he and his lawyer argued repeatedly over the lawyer's recommendation to accept a plea offered by the Government.

An ineffective assistance of counsel claim requires Lavanture to demonstrate his attorney's representation was both professionally unreasonable and prejudicial to the outcome of the proceeding. *See United States v. Roberson*, 194 F.3d 408, 418 (3d Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 689, 694 (1984)). We typically will not entertain an ineffective assistance of counsel claim raised for the first time on direct appeal. *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998). "[T]he proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed." *Id.* (citation omitted). But there is a "narrow exception" to this rule: "[w]here the record is sufficient to allow a determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts is not needed." *Id.* (citation omitted).

We agree with the Government the record is sufficient to rule on Lavanture's first allegation, but not the second. As discussed in the preceding section, we are unpersuaded by Lavanture's argument the District Court's questioning of him at the probation revocation hearing was excessive. Thus, his attorney's failure to object to this questioning was neither unreasonable nor prejudicial. The record contains no information, however, as to Lavanture's claim that the attorney collected payment for work he had not performed and that he pressured Lavanture to take a plea. These claims

10

are more properly pursued in a collateral proceeding under 28 U.S.C. § 2255.  *See id.*

* * * * *

For the reasons stated, we shall affirm the judgment of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.


By the Court,


  /s/ Thomas L. Ambro
Circuit Judge

11