RENDERED: APRIL 4, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1491-MR

SAMUAL A. MILLER                                      APPELLANT

v.        APPEAL FROM CHRISTIAN CIRCUIT COURT
          HONORABLE JOHN L. ATKINS, JUDGE
          ACTION NO. 14-CR-00590

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

ACREE, JUDGE: Appellant, Samual Miller, appeals from the Christian Circuit

Court's December 11, 2023 order revoking his probation. For the second time, we

vacate the circuit court's order revoking Miller's probation and remand this matter

for further proceedings consistent with this Opinion.

The matter of Miller's shock probation revocation was before this Court previously. In *Miller v. Commonwealth*, a panel of this Court stated the relevant facts as follows:

> On August 17, 2016, Miller entered into a plea agreement with the Commonwealth. In exchange for truthful testimony against his co-defendants, the Commonwealth agreed to amend certain charges and not oppose a motion for shock probation after Miller served an additional year of incarceration from the date of the plea agreement. In all, Miller agreed to thirteen-years' incarceration for complicity to wanton endangerment, complicity to tampering with physical evidence, and distribution of matter portraying sexual performance by a minor.
>
> On July 31, 2017, Miller filed a motion for shock probation. The motion was granted by Order on Motion for Shock Probation entered August 8, 2017, which probated the remainder of Miller's sentence for a period of five years. The order, in pertinent part, states the conditions of Miller's probation as follows:
>
> > Not commit another offense; report to probation officer as directed; permit the probation officer to visit the defendant at home or elsewhere; answer all reasonable inquiries by the probation officer and promptly notify the probation officer of any changes in address or employment; avoid injurious or vicious habits; avoid persons or places of disreputable or harmful character; support dependents and meet other family responsibilities; pay the costs; remain within the area set by probation officer; work faithfully at suitable employment as far as possible; make reparation or restitution to [left blank] in the amount of $[left blank],

for damages or loss caused by the defendant, said sum shall be payable [left blank] (plus 5% service fee added to each payment); enroll in substance abuse treatment as follows: [left blank]; support dependents and meet other family responsibilities; pay the cost of the proceeding herein as set by the court; remain within the area set by the probation officer; community service work as follows (list agency, manner, terms and conditions) until employed fulltime: [left blank]; alternative sentence as follows: This order is consistent with the terms of the plea agreement signed by the parties.

Record at p. 551.

The record before us indicates Miller had no probation violations until May 2021, when the Commonwealth filed a motion to revoke probation. Attached to the motion was a Notice of Preliminary Hearing from the Department of Corrections, Division of Probation and Parole, indicating Miller had been arrested for a new misdemeanor offense of driving under the influence on April 21, 2021. He was also charged with speeding; driving too fast for traffic conditions; and no/expired registration plates. The revocation hearing was continued until July 14, 2021. In the interim, on June 13, 2021, Miller was again pulled over for vehicle exhaust and playing loud music. He was also cited for failure to produce proof of insurance. There was also an open bottle of Hennessey Cognac in plain view of the police officer for which he was cited. Shortly thereafter, Miller submitted to a urine analysis at the request of his probation officer, Megan Goss, which tested positive for alcohol. At that point, Miller admitted to Ms. Goss he had been drinking due to family problems. Ms. Goss arranged for him to be evaluated by a social services clinician, who recommended Miller attend an alcohol treatment program for at least ninety days.

At the time of the revocation hearing in July 2021, Miller's misdemeanor and traffic offenses were still pending in district court. Miller did stipulate at the hearing to failing the urine analysis for alcohol. Ms. Goss testified that Miller had no probation violations prior to his DUI arrest in April of 2021. She also testified he had steady employment, had started his own business, and reported to her as required. Ms. Goss recommended Miller as a good candidate for an inpatient alcohol treatment program who would benefit therefrom. Miller's girlfriend testified the cognac bottle found in Miller's vehicle was always empty and belonged to her. She stated she intended to make a candle holder from the bottle. Miller also testified at the hearing. Although he refused to testify regarding the pending DUI charges, he did admit to drinking alcohol on several occasions after the DUI arrest and admitted he told Ms. Goss he had a problem with alcohol.

*Miller v. Commonwealth*, Nos. 2021-CA-0968-MR and 2021-CA-1220-MR, 2023 WL 2192545, at *1-2 (Ky. App. Feb. 24, 2023) (modification original).

The circuit court revoked Miller's probation. *Id*. at *2. It determined, pursuant to KRS[1] 439.3106(1), that Miller had violated the terms of his probation through his use of alcohol and that such use constituted a significant risk that prevented appropriate management of Miller in the community. *Id*. As its basis for imposing Miller's thirteen-year sentence, the circuit court stated that Miller "is guilty of the following charges: use of alcohol (2 counts)[.]" *Id*.

---

[1] Kentucky Revised Statutes.

-4-

We noted that nonuse of alcohol did not appear to be a specific condition of Miller's probation. *Id*. The circuit court could have been referring to Miller's pending DUI case and other traffic offenses, or his use of alcohol on occasions separate from the DUI. *Id*. Because "'[d]ue process requires, among other things, notice or fair warning of what conduct might result in revocation[,]'" we vacated and remanded. *Id*. at *2, *4 (quoting *United States v. Twitty*, 44 F.3d 410, 412 (6th Cir. 1995)). We concluded the circuit court failed to specify which evidence it relied upon in revoking Miller's probation; if the circuit court relied on Miller's admitted use of alcohol and positive urinalysis, we could not determine how such conduct violated the terms of his release. *Id*. at *2. We directed the circuit court to conduct an additional revocation hearing and to make more specific findings upon remand. *Id*. at *4.

Miller pleaded guilty to reckless driving, amended down from an original charge of DUI in the first degree. He also pleaded guilty to various traffic offenses. Of these, the only misdemeanor offense Miller pleaded guilty to was failure to maintain insurance; the remainder were violations.

The circuit court held a second parole revocation hearing on November 9, 2023. Jonathan Vincent of the Department of Corrections, Division of Probation and Parole testified that Miller was presented with a document titled "Conditions of Supervision" explaining, during the routine intake interview, the

-5-

conditions of Miller's release included refraining from using or abusing alcohol. He testified that Miller acknowledged and signed that document, both initially and annually.

Though this document exists, it is not a part of the record on appeal. Instead, it is appended to the Commonwealth's appellate brief.

Vincent acknowledged that the terms contained in the intake document can vary from the terms contained in a circuit court's probation order. Vincent testified that Miller's actual probation order itself conditioned his release upon Miller not committing a new offense.

This conditions-of-supervision document is not incorporated by reference in the circuit court's August 8, 2017 shock probation order. *See* Record (R.) at 550-51. The record on appeal also reveals that the circuit court never amended its shock probation order to include conditions related to alcohol.

The circuit court entered its second order revoking Miller's probation on December 11, 2023. In support of revocation, the circuit court stated the following:

> The evidence supports the conclusion that the defendant demonstrated habitual issues with alcohol use and that he also exhibited conscious violations of supervisory conditions. (See Comm. Exhibit 3). Violation of supervisory conditions form the specific statutory basis for revocation of probation. KRS 439.3106(1)[.] Revocation is justified in consideration of the Court's finding that the defendant's behavior constitutes a

significant risk to the community and that in spite of efforts to ameliorate his conduct he persisted in a lifestyle that resulted in an inability on the part of the office of Probation and Parole to properly supervise him.

R. at 680. Miller again appeals.

We review probation revocation decisions for an abuse of discretion. *Kendrick v. Commonwealth*, 664 S.W.3d 731, 734 (Ky. App. 2023) (citing *McClure v. Commonwealth*, 457 S.W.3d 728, 730 (Ky. App. 2015)). Abuse of discretion is only found where "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "Put another way, we will not hold a trial court to have abused its discretion unless its decision cannot be located within the range of permissible decisions allowed by a correct application of the facts to the law." *McClure*, 457 S.W.3d at 730 (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915 n.11 (Ky. 2004)).

Unfortunately, the circuit court requires us to retread old ground. KRS 533.030 empowers circuit courts to impose conditions of probation which the court "deems reasonably necessary to ensure that the defendant will lead a law-abiding life or to assist him or her to do so." KRS 533.030(1). The statute provides a non-exhaustive list of conditions which a circuit court may impose on a probationer at its discretion, including submission to periodic testing for alcohol or use of an alcohol monitoring device. KRS 533.030(2)(l), (m).

-7-

To requote the Sixth Circuit, "[d]ue process requires, among other things, notice or fair warning of what conduct might result in revocation." *Twitty*, 44 F.3d at 412 (citations omitted). Again, it is not apparent from the record that nonuse of alcohol was a condition of Miller's release; consequently, we agree with Miller that the due process protections of notice or fair warning of what conduct could return him to incarceration are lacking.

The Commonwealth highlights Vincent's testimony as proof that nonuse of alcohol was indeed a condition of Miller's release. He testified that Miller plainly acknowledged this by signing the conditions of supervision document. However, this document is not in the certified record on appeal and the Commonwealth cannot supplement the record by attaching it to its brief. No matter the pleas of the parties or the expediency to doing so, appellate courts have "no authority . . . to incorporate new proof into the record." *Travelodge Int'l, Inc. v. Ky. Unemployment Ins. Comm'n*, 710 S.W.2d 232, 234 (Ky. App. 1986).

Regardless of the document's absence from the record, the circuit court itself made no finding that nonuse of alcohol was a condition of Miller's release. After all, and as we stated in our previous opinion on this matter, Kentucky courts only speak through written orders entered in the court's official record. *Midland Guardian Acceptance Corp. of Cincinnati, Ohio v. Britt*, 439 S.W.2d 313, 314 (Ky. 1968); *Miller*, 2023 WL 2192545, at *2 n.2.

Instead, the circuit court again chose to enter an order which sacrificed clarity for the convenience of brevity. The circuit court stated that "[t]he evidence supports the conclusion that the defendant demonstrated habitual issues with alcohol use and that he also exhibited conscious violations of supervisory conditions." Again, the circuit court does not explain how nonuse of alcohol became a condition of Miller's release, nor does it specify which of the supervisory conditions identifiable in the record Miller violated.

The circuit court did state its finding that Miller's behavior constitutes a significant risk to the community and that he could not be appropriately managed in the community as KRS 439.3106(1) requires. However, it did not state with sufficient specificity which condition of record Miller violated leading the court to that conclusion. As we noted previously, "KRS 439.3106(1) requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). After all, Miller's conduct while on probation included relatively minor traffic violations; the KRS 439.3106(1) determinations function as "the analytical precursor" to a trial court's decision to revoke probation or to impose a lesser sanction. *McClure*, 457 S.W.3d at 732. Therefore, KRS 439.3106(1) "furthers the

objectives of the graduated sanctions schema to ensure that probationers are not being incarcerated for minor probation violations." *Andrews*, 448 S.W.3d at 779.

The circuit court, again, entered findings which lacked specificity in several respects, as discussed herein. Remand is again required in the instant case. On remand, the circuit court must enter specific findings as to: (1) whether and how nonuse of alcohol is a condition of Miller's release; or (2) which condition of release discernible from the record the circuit court relies upon as grounds for revoking probation.

For the reasons above, we vacate the Christian Circuit Court's December 11, 2023 order revoking Miller's probation and remand for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jennifer Wade
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky